ALFRED C. GAUNT, Appellant, *v.* NEMOURS TRADING COR-
PORATION and CHARLES W. MILLS, Respondents.

First Department, January 14, 1921.

**Equity — injunction — restraining defendant from prosecuting suit
in equity in foreign jurisdiction where prior to commencement
thereof it had instituted action at law in this State based on same
cause — adequate remedy at law.**

A court of equity has ample power to restrain the prosecution of an action in
a foreign jurisdiction subsequently commenced, where there is an action
pending in this State between the same parties arising out of the same
subject-matter and seeking substantially the same relief, in which full
and adequate relief can be given.

Accordingly, where the defendant herein had instituted an action at law in this
State to recover from the plaintiff herein moneys which he had received
for the sale of goods while acting as defendant's agent, and in which action
an attachment was issued and levied and subsequently discharged after
a bond had been filed by the plaintiff herein undertaking to pay the amount
of any judgment that might be recovered in that action not exceeding
the amount demanded with interest, and thereafter defendant herein
instituted a suit in equity in Massachusetts against the plaintiff herein
in which the cause of action is alleged in the identical words as to the
receipt of the moneys and the failure to pay them over, and in which it is
alleged as the sole reason for a resort to a court of equity that because the
plaintiff herein has not sufficient property, leviable upon by execution in
an action at law, to satisfy the debt, the plaintiff has no adequate remedy
at law, the defendant herein should be restrained from prosecuting the
suit in Massachusetts since the bond filed in the New York action guar-
anteed to the defendant herein a full and adequate remedy at law.

APPEAL by the plaintiff, Alfred C. Gaunt, from an order of
the Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the county of New York on
the 5th day of November, 1920, denying plaintiff's motion
for an injunction restraining the prosecution of actions brought
in foreign jurisdictions.

*Emanuel J. Myers* of counsel [*Thurlow Gordon* and *Norman
M. Behr* with him on the brief; *Myers & Goldsmith,* attorneys],
for the appellant.

*Joseph M. Hartfield* of counsel [*James A. Murphy* with him
on the brief; *White & Case,* attorneys], for the respondents.

PAGE, J.:

The Nemours Trading Corporation brought an action against Alfred C. Gaunt in the Supreme Court, New York county, in which it alleged that it employed defendant to sell goods and merchandise of the plaintiff, and promised to pay him a commission on sales, and defendant promised to try to sell goods and merchandise for plaintiff and accept said commission in payment of his services; that he sold large quantities of goods and merchandise and collected from the purchasers of such goods and merchandise in payment thereof large sums of money; and that although plaintiff has demanded that defendant pay to plaintiff all sums of money so collected, defendant has failed and refused to pay the sum of $168,424.51 collected by him from the purchasers of said goods over and above all commissions and charges due defendant. Judgment is demanded for $168,424.51. An attachment was issued against the defendant as a non-resident, on August 20, 1920.

On August 28, 1920, the Nemours Company commenced an action against Gaunt in the United States District Court in Massachusetts. An attachment was issued directing the marshal to levy upon the real and personal property of the defendant in the amount of $200,000, and the attachment was levied thereupon. It is alleged that this action was brought on the identical cause of action set forth in the New York action.

On September 1, 1920, the defendant in the New York action filed a bond of the Massachusetts Bonding and Insurance Company, undertaking to pay the amount of any judgment that might be recovered in that action not exceeding $168,424.51, with interest, and the attachment was discharged. The action in the United States District Court was discontinued, but on the next day, September 10, 1920, the Nemours Company commenced an action in equity by attachment in the Superior Court, in Suffolk county, Mass., against Gaunt and the Massachusetts Trust Company, in which the cause of action is alleged in the identical words as to the receipt of the moneys and failure to pay the sum of $168,424.51. It is alleged that Gaunt " is without sufficient property to pay this debt that can be reached by the complainant to be attached or taken on execution in an action at law.

First Department, January, 1921.          [Vol. 194.

" The respondent Alfred C. Gaunt is the owner of a large number of shares in the Massachusetts Trust Company, a corporation duly established and existing under the laws of the Commonwealth of Massachusetts and having a usual place of business in Boston in this County of Suffolk, which shares of stock cannot be reached by the complainant to be attached or taken on execution in an action at law, and said shares in equity should be applied to the satisfaction of the debt due from the respondent Alfred C. Gaunt to the complainant as aforesaid.

" The complainant has no adequate remedy at law against the said respondent Gaunt, but can have relief only in equity.

" Wherefore the complainant prays:

" (1) That the amount due from the respondent Alfred C. Gaunt to the complainant be determined by this Court and that this Court decree that the said respondent pay the said sum to the complainant, together with costs.

" (2) That pending final hearing this Court issue an injunction restraining the respondent Alfred C. Gaunt from selling, pledging, transferring, or in any way disposing of any of the shares of the capital stock of the Massachusetts Trust Company owned by said respondent and the certificates representing said shares of stock.

" (3) That pending final hearing this Court issue an injunction restraining the respondent Massachusetts Trust Company from transferring on its books any shares of stock standing in the name of the respondent Alfred C. Gaunt and from paying over any dividends, allotments or apportionments that may from time to time be declared on any of said shares until further order of this Court or until final decree.

" (4) That this Court decree that all shares of the capital stock of the respondent Massachusetts Trust Company owned by the respondent Alfred C. Gaunt or a sufficient amount thereof to satisfy in full the amount found by the Court to be due from said respondent Alfred C. Gaunt to the complainant, with costs, be sold under the direction of the Court and the proceeds thereof applied in payment of the amount found due as aforesaid and costs."

Therefore, the Massachusetts action is to recover the same debt for which judgment was demanded in the New

York action. It is not alleged that the plaintiff does not know the amount due; it is set forth to a penny. The demand for an accounting is, therefore, merely to support the fictitious claim put forth by counsel on argument that the recovery might be greater in the accounting action. It appears that an accounting has been had and the accountants for the plaintiff and defendants agree as to this amount being the balance of moneys collected and not paid over; but Gaunt asserts a certain counterclaim or offset which the Nemours Corporation is unwilling to allow. The sole reason given for a resort to a court of equity is the allegation that because Gaunt has not sufficient property, leviable upon by execution in an action at law, to satisfy this debt, the plaintiff has no adequate remedy at law, but defendant has assets which can be reached in equity.

This statement is not in accord with the facts, which were well known to the Nemours Trading Corporation and its attorneys. For in an action at law pending in this State, the bond of a surety company had been filed, to pay any judgment that might be recovered up to the full amount of the claim made in the Massachusetts action with interest, thus assuring to the Nemours Trading Corporation a full and adequate remedy at law. Had the facts been truthfully stated, we cannot believe the Superior Court of Massachusetts would have entertained jurisdiction. Furthermore, if the facts were presented to it, showing that through suppression of the truth and false suggestion the process of that court has been abused, the court would be swift to dismiss the suit.

The Nemours Trading Corporation has filed its designation pursuant to the laws of this State, and received its license to do business here; it is, therefore, a resident of this State within the contemplation of the law. (*Webster* v. *Columbian National Life Insurance Co.*, 131 App. Div. 837, 841; affd., 196 N. Y. 523.) The cause of action arose in this State. The material and necessary witnesses and documentary evidence are within this jurisdiction.

There is every reason why the action commenced in this State should be tried. A court of equity has ample power to restrain the prosecution of an action in a foreign jurisdiction subsequently commenced, where there is an action pending

in this State, between the same parties arising out of the same subject-matter, and seeking substantially the same relief, in which full and adequate relief can be given.   Under such circumstances the court views the commencement of the foreign action as a vexatious harassing of the opposite party, which is contrary to equity and good conscience, and will restrain the prosecution of the foreign action.

The order should be reversed, with ten dollars costs and disbursements, and the motion for an injunction pending the action granted, with ten dollars costs, restraining the Nemours Trading Corporation from prosecuting the suit commenced by it in the Superior Court, Suffolk county, Massachusetts, against Alfred C. Gaunt and the Massachusetts Trust Company until the further order of the court.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion for injunction pending action granted, with ten dollars costs, as stated in opinion.   Settle order on notice.