CONTINENTAL GRAIN COMPANY, INC., Respondent, *v.* PHILIP N. CHRISTIE, Appellant.

First Department, March 15, 1940.

*Henry J. Bogatko* of counsel [*George S. Brengle* with him on the brief; *Bigham, Englar, Jones & Houston,* attorneys], for the appellant.

*Forrest E. Single* of counsel [*Wilbur H. Hecht* with him on the brief], for the respondent.

DORE, J.   On this appeal defendant contends that plaintiff being a foreign corporation cannot under any circumstances be deemed a resident of New York county so as to obtain a preference under Rule V of the Rules of the Supreme Court New York County Trial Terms.

This is an action on contract, the plaintiff suing defendant on a policy of insurance claimed to be subscribed to by defendant as an underwriting member of Lloyd's of London.   The uncontradicted facts establish that plaintiff is a Delaware corporation duly licensed to do business in New York State, having its principal place of business in this State at No. 2 Broadway in New York county, where its president, vice-president and another senior officer have their offices, where it employs forty-four employees including executives, and has its headquarters for the financial, export and import, and steamship operation activities of the corporation.

We think defendant's construction of the rule in question is entirely too narrow and technical and the court properly denied his motion to remand the case to the general jury trial calendar.   Rule

V, so far as relevant herein, grants a preference in all contract actions, except breach of contract to marry, and a plaintiff seeking preference under the rule needs only to show that at the time the cause of action arose the plaintiff was and still is a resident of the county of New York, that the action is on contract, and if plaintiff is an assignee that the assignor was such resident at the time the cause of action arose. The requirement of residence was to prevent plaintiffs coming from outside the boundaries of New York county from bringing actions on contract in that county solely for the purpose of obtaining the preference, or from assigning causes of action to New York residents merely for such purpose. It was not the intention to withhold a preference from a plaintiff such as the plaintiff herein which maintains its principal place of business in the State within the county of New York, maintains offices there with numerous employees, pays rent and taxes, and has there its headquarters for many of its substantial activities.

Cases in this court on which appellant relies do not construe this rule and its requirement of residence for the purpose of obtaining a preference. *Shepard & Morse Lumber Co.* v. *Burleigh* (27 App. Div. 99 [1898]) held that in an action by a foreign corporation for malicious prosecution the residence of the individual defendants was the proper county for the trial. *Remington & Sherman Co.* v. *Niagara Bank* (54 App. Div. 358 [1900]) held that where a domestic corporation is sued by a foreign corporation, the residence of the domestic corporation controls for the purpose of determining the venue of the action. In so far as the opinions in those cases state that the foreign corporation was not a resident of the State of New York, that ruling must be confined to the facts therein and the statutes construed. We hold it does not apply to the issue of residence for the purpose of a preference under Rule V. Later cases hold that foreign corporations authorized to do business in this State may be considered residents for the purpose of litigation. (See *Webster* v. *Columbian National Life Insurance Co.*, 131 App. Div. 837, 841 [First Dept.]; affd., 196 N. Y. 523; *Gaunt* v. *Nemours Trading Corp.*, 194 App. Div. 668.) Clearly a foreign corporation which maintains its principal office in this State in the county of New York is for the purpose of Rule V a resident of that county and entitled to the benefit of the rule.

The order appealed from should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements.