CLARENCE JACKSON, Appellant, v. NATIONAL GRANGE MUTUAL LIABILITY COMPANY, Respondent.

Third Department, November 10, 1948.

*Briggs & Wilson* for appellant.

*John H. Dewell* for respondent.

HEFFERNAN, J. This appeal presents a novel question for determination.

The plaintiff is a resident of the Town of Salem, Washington County, New York. Defendant is an insurance corporation organized under the laws of the State of New Hampshire and is authorized to transact business in this State.

On May 20, 1947, plaintiff instituted this action against defendant in a Justice's Court in Salem and on that day caused a copy of the process, together with a complaint, to be served upon the Superintendent of Insurance of this State.

On the return date of the summons, May 31, 1947, defendant, by its attorney, appeared specially and moved to dismiss the action on the ground that the Justice had no jurisdiction because it was not served with the summons within the territorial limits of the court. Subsequently the Justice granted defendant's motion and entered a judgment of dismissal. From that judg-

ment an appeal was taken by plaintiff to the Washington County Court where the judgment was affirmed. From the judgment of affirmance plaintiff has come to this court.

The complaint in this action states the residence of the parties and then alleges, in substance, that defendant, in consideration of a premium paid to it by plaintiff, issued to the latter a policy of insurance by the terms of which it agreed to indemnify him, during the life of the policy, in a sum not exceeding $5,000, against loss and expense resulting from claims against him on account of accidental injuries and damage to personal property sustained by reason of the operation by plaintiff of a motor vehicle owned by him and described in the policy. It is then alleged that while the policy was in effect the motor vehicle, during its operation by plaintiff, accidentally collided with and damaged, in the sum of $137, a motor vehicle owned by a third person. The complaint further charges that subsequently to the collision, plaintiff, a representative of defendant, and the person whose vehicle was damaged, agreed upon the amount of damage but that defendant wrongfully refused to pay the same with the result that plaintiff was required to discharge the obligation, which he did, and notified defendant accordingly.

Plaintiff then instituted this action to recover from defendant the sum of $200, being the amount he was compelled to pay in satisfaction of the claim against him in addition to legal expenses.

To sustain the judgment in this case defendant is relying on section 51 of the Justice Court Act, which so far as material here reads as follows:

" Where the defendant to be served is a corporation other than a domestic municipal corporation, personal service of the summons must be made by delivering a copy thereof anywhere within the state, as follows:

" 1. *  *  *

" 2. *  *  *

" 3. If the defendant be a foreign corporation, to the president, treasurer or secretary; or, if the corporation lacks either of these officers, to the officer performing corresponding functions under another name; or, to the cashier, a director or managing agent of the corporation; or, to a person designated for the purpose as provided in section two hundred seventeen of the general corporation law."

Section 217 of the General Corporation Law after making provision for service of process upon foreign corporations authorized to do business in this State by the delivery of such process

to the Secretary of State, or one of his deputies, then contains this language: " If the action or proceeding is instituted in a court of limited jurisdiction, service of process may be made in the manner provided in this section if the cause of action arose within the territorial jurisdiction of the court and the office of the defendant corporation in the state, as set forth in its statement and designation, is within such territorial jurisdiction.''

It is conceded that plaintiff did not comply with the provision of section 217 just quoted; nor is there any claim made that defendant maintains an office in Washington County. The question presented for decision is: Does the failure of plaintiff to comply with this statutory provision prohibit the maintenance of this action? We think not.

Unquestionably the Justice had jurisdiction of the subject of the action. We are convinced that section 59 of the Insurance Law conferred upon him jurisdiction of the person of defendant. The pertinent provisions of that statute are:

" 1. No domestic, foreign or alien insurer, * * * shall be or continue to be authorized to do an insurance business in this state unless there shall be filed in the office of the superintendent a power of attorney, duly executed by such insurer, appointing the superintendent and his successor in office, and duly authorized deputies, as the true and lawful attorney of such insurer in and for this state, upon whom all lawful process in any action or proceeding against such insurer on a contract delivered or issued for delivery or a cause of action arising in this state may be served. * * *

" 2. Service of process upon any such insurer in any action or proceeding in any court of competent jurisdiction may be made by serving the superintendent or any deputy superintendent, either of whom shall have authority to accept such service pursuant to any such power of attorney. * * * *Service of process so made shall be deemed to have been made within the territorial jurisdiction of any court in this state.''* (Emphasis supplied.)

In the case at bar defendant complied with the provisions of section 59. It designated the Superintendent of Insurance as its attorney upon whom process might be served on a cause of action arising in this State. The statute applies to service of process in all courts whether of limited or general jurisdiction. By the enactment of this law the Legislature did not attempt to extend the jurisdiction of any court to include the subject of any action not previously included in its jurisdiction. That the law

making body may not do (*American Historical Society* v. *Glenn*, 248 N. Y. 445). The jurisdiction of the Justice's Court has not been enlarged by the provision of the Insurance Law in question. That jurisdiction remains precisely as fixed by section 18 of article VI of the Constitution. Here the defendant as a condition precedent to the transaction of its business in this State agreed in advance to submit itself to the jurisdiction of any court in the State where process is served upon the superintendent or its attorney for that purpose. The mere fact that the State exacted this consent from defendant before permitting it to do business here does not detract from its validity. The question is not even debatable that jurisdiction of the person of a litigant may be conferred upon any court by consent, providing the court has jurisdiction of the subject matter of the action. Defendant by its own act has conferred jurisdiction upon the Justice's Court (*Wilson* v. *Seligman*, 144 U. S. 41; *Gilbert* v. *Burnstine*, 255 N. Y. 348; *Pohlers* v. *Exeter Manufacturing Co.*, 293 N. Y. 274).

Section 59 of the Insurance Law does not conflict with section 217 of the General Corporation Law. When the provisions of both sections are read together they are readily harmonized. Section 59 applies solely to the insurance companies, whether domestic or foreign, and relates only to liabilities arising out of insurance contracts delivered in this State.

Evidently the Legislature, in the exercise of its police power, in order to safeguard the welfare of its citizens and to protect them against loss, particularly where small claims are involved, provided them with an adequate and inexpensive remedy against such companies in the event of their breach of contract. There is a significant distinction in this respect between an insurance corporation and foreign corporations generally. Under the General Corporation Law a foreign corporation desiring to do business here must establish an office in the State. Undoubtedly the purpose of this provision was to authorize the corporation to sue or be sued in the forum where its office is located. It must also consent that process issued against it shall be served upon the Secretary of State (General Corporation Law, § 210). No such conditions are imposed by the Insurance Law.

If defendant is correct in its contention plaintiff, in order to maintain his action, would be compelled to serve a summons both on the Secretary of State and the Superintendent of Insurance and lay the venue in the Supreme Court or in a court of limited jurisdiction whose territorial limits are coterminous with the

office of the superintendent. We decline to put any such absurd construction on these statutes.

The County Court in arriving at its conclusions relied on *McKeever* v. *Supreme Court, Order of Foresters* (122 App. Div. 465). That case is not applicable. It was decided in 1907 long before subdivision 2 of section 59 of the Insurance Law was enacted.

The judgment of the County Court and that of the Justice's Court should be reversed on the law, with costs to appellant in all courts and the cause is remitted to the Justice's Court for trial on the merits at a time to be fixed in the order to be entered hereon and defendant is directed to file an answer to the complaint.

HILL, P. J., FOSTER, RUSSELL and DEYO, JJ., concur.

Judgment of the County Court and that of the Justice's Court are reversed on the law, with costs to appellant in all courts and the cause is remitted to the Justice's Court for trial on the merits and the defendant is directed to file an answer to the complaint.

The time and place of the trial to be fixed in the order to be entered hereon. If the parties are not able to stipulate and agree as to the Justice and the time and place of trial such determination will be made by the author of the opinion on five days' notice. [See *post*, p. 1076.]