WATERMAN CORPORATION et al., Plaintiff, *v.* JAMES M. JOHNSTON et al., Defendants.

Supreme Court, Special Term, New York County, January 14, 1949.

*Rein, Mound & Cotton* for Rhode Island Insurance Co., defendant appearing specially.

*Harold F. Levin* and *Norman Moloshok* for plaintiffs.

HECHT, J.   Defendant Rhode Island Insurance Company (hereafter called Rhode Island), appearing specially, moved to set aside service of the summons made on it through the Superintendent of Insurance of the State of New York, as its agent.

Defendant Rhode Island was incorporated under the laws of the State of Rhode Island and prior to June 30, 1948, was licensed to do business in the State of New York.

As a condition to the issuance of a license to do business in this State, Rhode Island pursuant to the requirements of the Insurance Law (§ 59) authorized and designated the State Superintendent of Insurance to accept process on its behalf.

It is the contention of Rhode Island that service on the Superintendent of Insurance is ineffective to bind it because

(1) the original appointment of the superintendent to accept service was limited to certain actions of which it does not appear the instant action is one;

(2) the power of attorney of the superintendent to accept service as its agent was revoked except as to certain actions of which it does not appear the instant action is one.

From the answering affidavit it sufficiently appears that this is a derivative stockholders' action in which it is charged, among other things, that on May 24, 1937, at the office of the Midland Trust Company of New York, in New York City, Rhode Island engaged in a series of fraudulent transactions to plaintiffs' damage.   As above indicated the Superintendent of Insurance was authorized to accept service on Rhode Island's behalf not only on insurance contracts delivered or issued for delivery in this State, but on " *a cause of action arising in this state * * *.*"   (Insurance Law, § 59, subd. 1.)   (Emphasis supplied.)   The instant case falls within this category.

The statutory provisions for service of process upon all foreign corporations are basically the same (General Corporation Law, § 210, subd. 1; Banking Law, § 200, subd. 3; Insurance Law, § 59).

They permit New York residents to sue foreign corporations in New York courts on causes of action arising out of business

done by such foreign corporations in this State. The provisions for service found in section 59 of the Insurance Law are not limited to causes of action arising out of insurance contracts alone; they specifically apply to all causes of action. There is nothing to indicate that the Legislature intended to single out foreign insurance corporations and prohibit service upon these corporations in actions brought by residents on causes of action arising out of general business transacted in this State.

Rhode Island contends it effectively terminated the appointment of the superintendent as agent for services of process when, on September 29, 1948, prior to service of the summons herein, it filed an instrument with the Insurance Department revoking its appointment of the Superintendent of Insurance as its agent except " as to any action or proceeding against Rhode Island Insurance Company on any insurance contracts, or with respect to liabilities or duties arising out of any insurance contracts which were issued or delivered by Rhode Island Insurance Company in the State of New York prior to July 1, 1948."

This attempt by Rhode Island to revoke the authority of the superintendent can only be effective to the extent permitted by subdivision 4 of section 59 of the Insurance Law. This subdivision prohibits the termination of the authorization so long as there are in effect " any contracts, or liabilities or duties arising out of contracts ". Subdivision 1 of section 41 of the Insurance Law specifically defines the term " insurance contract ". The reference in section 59 to " any contract " rather than to " insurance contract " clearly evidences an intent to apply it to any cause of action whether or not on an insurance contract, and to prohibit the termination of the authority of the superintendent so long as any contracts or liabilities are outstanding.

The statute would be meaningless if a foreign corporation could evade it simply by filing an instrument purporting to revoke the authorization (*Society Milion Athena, Inc.*, v. *National Bank of Greece*, 166 Misc. 190).

Motion to vacate service is denied. Defendants' time to appear extended twenty days. Settle order.