DANIEL ROTHSCHILD, Plaintiff, *v.* NAAMLOOZE VENNOOTSCHAP GEBROEDERS PAPPENHEIM'S TABAKSHANDEL, Defendant.

Supreme Court, Special Term, New York County, February 15, 1949.

*Edward Garfield* for plaintiff.

*Rudolph M. Littauer* for defendant.

BENVENGA, J. This is a motion for a temporary injunction to restrain defendant, a Holland corporation, from prosecuting,

or suffering the prosecution of, a proceeding before a Dutch governmental agency, known as the Counsel for the Restoration of Legal Rights.

Plaintiff, a resident of this city, is a former German national who resided in Holland from 1933 to 1939, when he emigrated to Canada. He brings this action as a stockholder and creditor of defendant pursuant to section 977-b of the Civil Practice Act, which authorizes the appointment of temporary and permanent receivers of the New York assets of a foreign corporation, where such corporation has been nationalized, or its charter has been suspended, repealed, annulled or revoked, or has ceased doing business.

After the commencement of this action, defendant instituted a proceeding before the Dutch governmental agency, the decisions of which tribunal have the same force and effect as a judgment of a Dutch court of general jurisdiction. In that proceeding, defendant seeks an adjudication that plaintiff is not a stockholder or creditor of the defendant.

The principal issue thus presented in this action, as well as in the Dutch proceeding, is identical — whether plaintiff is a stockholder or creditor of defendant — a condition precedent to plaintiff's right to maintain this action. The determination of that issue involves a construction of two Netherlands statutes, the relevant portions of which are set forth in the moving papers herein.

The authority of this court, sitting as a court of equity, to enjoin defendant from prosecuting the proceeding before the Dutch tribunal, is not disputed. The only question here is whether a proper case is presented for the exercise of that power. That its exercise rests largely in discretion is well settled (*Locomobile Co. of America* v. *American Bridge Co. of N. Y.*, 80 App. Div. 44, 46; *Gaunt* v. *Nemours Trading Corp.*, 194 App. Div. 668, 671–672; *Paramount Pictures* v. *Blumenthal*, 256 App. Div. 756, 758–759).

Every consideration of fairness, equity and justice, as well as the convenience of witnesses, would seem to require that the defendant be restrained from prosecuting the foreign proceeding. There is little or no dispute as to the facts. The principal issue presented is one of law, involving the construction of the two foreign statutes. The question is one which this court is authorized to determine (Civ. Prac. Act, § 344-a), and certainly as competent to determine as the Dutch tribunal.

Moreover, the commencement of this action antedates the institution of the foreign proceeding. While that fact is not decisive, the rule requires that, in the absence of special circumstances, the issue so presented should be disposed of in the forum in which judicial action was first sought (*Metropolitan Trust Co.* v. *Stallo,* 166 App. Div. 639, 641–642).

The motion is granted.