Per Curiam.

Prior to June 30, 1948, the defendant Rhode Island Insurance Company filed a power of attorney with the Superintendent of Insurance designating him as its agent to receive process in any action “ on a contract delivered or issued for delivery or a cause of action arising in this state ” (Insurance Law, § 59, subd. 1). On September 29, 1948, this designation or appointment was revoked. Thereafter, and on November 16, 1948, the present action was commenced against the defendant insurance company by service of process on the superintendent as its designated agent for such purpose.
The Insurance Law (§ 59, subd. 4) provides that the power of attorney shall not be terminated by the insurer “ so long as there are in effect any contracts, or liabilities or duties arising out of contracts, which were issued or delivered by such insurer in this state.” We construe the statute to mean that no revocation of the superintendent’s authorization to accept service of process can be effective as to any cause of action while any contracts issued or delivered in this State, or liabilities or duties arising out of such contracts, remain outstanding.
There is, however, insufficient proof in this record as to whether there are any such contracts or contractual liabilities in effect. The plaintiffs merely state that “ So far as investigation discloses, * ® * they [the defendants] still have outstanding insurance in force,” and that “ there must, of necessity, be policies in effect” by reason of the practice or custom of issuing certain policies of insurance for three-year periods. We think that the Special Term should have sent this issue as to outstanding contracts to a referee before deciding the instant motion.
If it should develop that the revocation was ineffective, then the service of process in this case may be upheld. It appears prima facie on the present papers that the cause of action against the defendant Rhode Island Insurance Company arose in this State.
' The order appealed from should be modified so as to provide that the determination of the motion be held in abeyance pending the report of the referee on the issue aforesaid.
Peck, P. J., Glennon, Cohn, Callahan and Van Voorhis, JJ., concur.
Order, in accordance with opinion, unanimously modified so as to provide that the determination of the motion be held in abeyance pending the report of the referee. Settle order on notice. [193 Misc. 982.]