CLARENCE JACKSON, Respondent, *v.* NATIONAL GRANGE MUTUAL LIABILITY COMPANY, Appellant.

Argued April 12, 1949; decided July 19, 1949.

*John H. Dewell* for appellant. I. The amount of the demand of the complaint for judgment exceeds the jurisdiction of the Justice's Court. (*Yager* v. *Hannah,* 6 Hill 631; *Robinson* v. *Oceanic Steam Navigation Co.,* 112 N. Y. 315; *Matter of Walker,* 136 N. Y. 20; *Matter of Logan,* 116 App. Div. 146; *Halpern* v. *Langrock Bros. Co.,* 169 App. Div. 464.) II. Justice's Court could not acquire jurisdiction under method employed in serving summons and complaint. (Justice Ct. Act, § 51, subd. 3; General Corporation Law, § 217; *Pohlers* v. *Exeter Mfg. Co.,* 293 N. Y. 274.)

*Frank C. Briggs* for respondent. I. The question as to the jurisdiction of the Justice's Court by reason of the amount of the demand is not before the Court of Appeals because it has not been certified to this court. (*Grannan* v. *Westchester Racing Assn.,* 153 N. Y. 449; *Bowlby* v. *McQuail,* 240 N. Y. 684.) II. Respondent should be permitted to waive any sum in excess of $200 and to amend his complaint accordingly. (*Gigliotti* v. *Jacksina,* 206 App. Div. 368; *People* v. *Wait,* 114 App. Div. 334.) III. The Justice's Court had jurisdiction of the person of defendant because defendant, when it complied with section 59 of the Insurance Law, had consented to such jurisdiction. (*Pohlers* v. *Exeter Mfg. Co.,* 293 N. Y. 274; *Gruber* v. *Wilson,* 276 N. Y. 135; *Praete* v. *Adams,* 169 Misc. 776.)

LOUGHRAN, Ch. J. In this action, which was brought in a Justice's Court of the Town of Salem, Washington County, upon a policy of insurance, judgment was demanded for $200 with

interest from a date prior to issuance of the summons. Service upon the defendant company, a foreign corporation licensed to do business in this State, was made by delivery of the process to the Superintendent of Insurance at his office in the city of Albany, pursuant to section 59 of the Insurance Law. In response thereto, the company interposed a special appearance for the sole purpose of disputing the jurisdiction of the Justice's Court over its person. A judgment dismissing the summons and complaint followed and was affirmed by the County Court of Washington County.

On appeal by the plaintiff to the Appellate Division, both judgments were reversed on the law and the case was remitted to the Justice's Court for trial on the merits. The Appellate Division, however, then gave leave to the defendant company to bring the case here upon the following question certified: " Did the Justice's Court of the Town of Salem, Washington County, acquire jurisdiction of defendant by service of its process in this action upon the Superintendent of Insurance of the State of New York in the City of Albany, N. Y.? "

But the question so certified is not the question which the defendant company would now submit to us. The present complaint claims a sum of $200 with interest, contrary to the statute which limits a recovery in a Justice's Court to $200 when, as here, the action is one for breach of contract (Justice Ct. Act, § 3, subd. 1; L. 1920, ch. 937). So the defendant company now asks us to take up a new question, that is to say: Does the Justice's Court of the Town of Salem, Washington County, have jurisdiction of the subject of this action?

Whether there is jurisdiction of the subject of an action is a question which ordinarily can be raised at any stage of a controversy. In the present action, however, an absence of such jurisdiction can immediately be remedied by an amendment of the complaint. (Justice Ct. Act, §§ 132, 135, 157; cf. *Halpern* v. *Langrock Bros. Co.*, 169 App. Div. 464; 228 N. Y. 543.) This plaintiff has repeatedly expressed a readiness to give up his demand for interest and to amend his complaint to that end. Wherefore, he says, the issue in respect of jurisdiction of the subject of the action is for all practical purposes now out of the case. But with that last idea we have no concern since an appeal to us upon a question certified brings up for review that question

and no others (N. Y. Const., art. VI, § 7). Moreover, we will not entertain such an appeal unless the question is decisive of some part of the determination of the Appellate Division (Civ. Prac. Act, § 589, subd. 3, par. [b]; *Langan* v. *First Trust & Deposit Co.,* 296 N. Y. 60).

Under its special appearance, the defendant company could do nothing but challenge the jurisdiction of the Justice's Court over its person (*Muslusky* v. *Lehigh Valley Coal Co.,* 225 N. Y. 584, 588). Hence by its attempt to deny jurisdiction of the subject of the action, the company waived that special appearance and submitted its person to the jurisdiction of the court (see *Fitzgerald & Mallory Constr. Co.* v. *Fitzgerald,* 137 U. S. 98, 106). The question certified has thus become academic and, nothing else being before us, we are constrained to dismiss this appeal.

The appeal should be dismissed, with costs. Question certified not answered.

LEWIS, CONWAY, DESMOND, DYE, FULD and BROMLEY, JJ., concur.

Appeal dismissed, etc.