## In the Matter of the Application of JAMES J. McLEAN, Petitioner.

Supreme Court, Special Term, Bronx County, October 10, 1952.

Alfred J. Callahan, Henry J. McDonough, Joseph A. Brust and S. Philip Cohen for petitioner.

Benjamin Gassman for M. Maldwin Fertig and another appearing specially.

HAMMER, J. This proceeding has been instituted to invalidate the nomination or purported nomination of Mr. M. Maldwin Fertig on the Ideal Party ticket for the office of Surrogate of Bronx County.

The aforesaid nominee and the members of the committee on vacancies named in the nominating petitions, appearing specially, have put in issue the jurisdiction of this court, contending that the failure of the petitioner to designate the named candidate and the named and described members of the committee on vacancies, as respondents, is a jurisdictional defect.

From correspondence received from counsel subsequent to the argument and submission it appears that a prior application for similar relief was made and withdrawn. Petitioner's counsel contends that although opposing counsel appeared specially on that application he submitted the persons of his clients to the jurisdiction of the court since he put in issue the court's jurisdiction of the subject matter. Jackson v. National Grange Mut. Liability Co. (299 N. Y. 333, 336) is cited to this effect. The attorney who appeared specially argues that subdivision 2 of section 237-a of the Civil Practice Act enacted after the decision in Jackson v. National Grange Mut. Liability Co. (supra), destroys the effect of that case. The effect of the section when the jurisdiction of the court over subject matter is attacked solely and not jointly with jurisdiction of person is not clear, nor is it clear that the prior notice of motion put both phases of jurisdiction or only jurisdiction of subject matter in issue. Beyond this certain factual issues exist as to circumstances of the withdrawal of the motion. For these reasons and because it is not necessary to pass on the points so raised they are left undetermined and the matter will be considered and passed upon on its merits.

Basically there are two issues — (1) the application of Matter of Kanestrin (Cohen) (N. Y. L. J., Aug. 2, 1943, p. 225, col. 1) and Matter of Reid (Williams) (N. Y. L. J., July 22, 1947, p. 125,

col. 2), and (2) whether or not the claimed defect is capable of correction under section 105 of the Civil Practice Act.

In the *Kanestrin* case (*supra*) the nominating petition which was under attack failed to name those nominated for the party position of county committeeman, or to designate them as respondents. In *Matter of Reid* (*Williams*) (*supra*) it appears from the opinion of Mr. Justice BENVENGA that the title was defective " in that it fails to state the names of the necessary parties-respondents " and this " defect is not cured by any allegation in the petition as to who such parties are ". Both were multiple candidate cases.

At bar, the caption specifically designated by name the candidate whose candidacy is put in issue, specifically designated the members of his committee on vacancies, acting for the nominating party, and specifically designated by title the board of elections of the City of New York. The omissions complained of are the failure to use the word " against " and to describe any of these parties as " respondents " in the caption. No question is raised that service was not effected upon all of them, nor is there any question of the jurisdiction of this court under section 330 of the Election Law. The claim is confined to the point that the caption is so drawn as to cause a jurisdictional defect. The jurisdictional point so raised can only go to jurisdiction of the persons who do not question the service of process upon them. There is accordingly a clear distinction between the cases relied upon by counsel for the moving parties and the subject case. In the cited cases it was not known who the respondents were and there were serious questions of notice. Here there is no question as to the identity of the parties, to the notice given them, or to the relief sought.

Examination of the papers discloses that petitioner's counsel prepared the petition in much the same manner as a petition would be drawn in the Surrogate's Court where all proceedings are instituted by petition. Such a petition sets forth the nature of the proceeding; the names of all interested parties; the relief sought and prays the issuance of a citation calling upon those named to show cause why the relief sought should not be granted. The petition under consideration contains similar allegations and seeks to have the order to show cause thereto annexed signed. The order to show cause directs the interested parties to show cause why the relief asked should not be granted. A party to a proceeding served with such a petition and order is fully apprised of the pending litigation, of his interest therein and of the relief which is demanded against him. It is quite

clear from the trend of recent decisions that in such circumstances technical objections such as that raised here will not be honored (see *Avery* v. *O'Dwyer,* 280 App. Div. 766). At best it can only be held that the failure to describe those named in the caption and in the body of the petition as " respondents " is an irregularity capable of correction under section 105 of the Civil Practice Act (see *Avery* v. *O'Dwyer, supra,* and Abrahams on New York Election Law, p. 304). In such circumstances there can be no question of the power of the court to fashion an order in such a manner as to accomplish its purpose against those named in the caption and named in the petition, but not characterized as " respondents ".

The motion is accordingly denied in all respects.