Owen McGivern, J.
This is a stockholders’ derivative action, brought by five stockholders on behalf of the Parmelee Transportation Company (hereinafter referred to as “ Parmelee ”) against its 10 directors and certain other corporations. The plaintiffs are the owners of record of 37 shares of stock of Parmelee out of a total of 350,208 shares, although it appears *173 that one of the plaintiffs owned an additional 100 shares at the time she commenced her suit, which shares have since been transferred out of her name.
Each of the five plaintiffs had started an independent stockholders’ derivative action. The first of these was commenced as early as March 21, 1957; the last on April 30, 1958. By notice of motion and affidavit dated April 28,1958, supplemented by notice of motion dated May 9, 1958, defendant Checker Taxi Company, Inc. moved this court for an order consolidating each of said actions, and inter alia “ enjoining the institution and prosecution of any further actions by stockholders of Parmelee Transportation Company on its behalf with respect to the matters alleged in the complaint in the consolidated action.” The foregoing motions came on to be heard on May 14, 1958, at which time the relief sought was consented to in open court by the attorneys for each of the plaintiffs in each of said actions.
By an order of this court made and entered on May 22, 1958 the foregoing five actions were consolidated, and it was ordered inter alia, that ‘ ‘ until the final determination of the consolidation, all other stockholders of the defendant Parmelee Transportation Company and their attorneys shall be and they hereby are stayed and enjoined from instituting or prosecuting or continuing the prosecution of any action, suit or proceeding against any of the defendants in the consolidated action, to the extent that any such other action, suit or proceeding may be based on any of the transactions complained of or which could be complained of in the actions consolidated hereby, or in the consolidated amended complaint to be served herein.”
Notwithstanding, the plaintiffs on September 16, 1959 commenced an action in the Court of Chancery of the State of Delaware, in and for New Castle County, also purportedly on behalf of Parmelee, wherein they seek the very same relief as is sought in the consolidated action and against the very same persons who are named as defendants therein. The complaints are virtually identical. The defendants Checker Taxi Company, Inc. and Checker Motors Corp. now move for an order adjudging plaintiffs in contempt of the order made and entered herein on May 22, 1958, or alternatively, for an order staying and restraining plaintiffs and their counsel from taking any further proceedings in connection with the Delaware action, staying and restraining plaintiffs from commencing any other actions based on any of the transactions complained of in the consolidated action, and directing plaintiffs and their attorney to discontinue the Delaware action.
*174 In defense of their conduct the plaintiffs argue that the order allegedly violated simply placed a restraint upon “ all other stockholders ” and was thus not a restraint upon them. This strict interpretation may literally accord with the letter, but not the spirit or true intendment of the order, or the accord which led to the order; however, this court feels constrained to deny that branch of the motion which seeks to punish for contempt.
Plaintiffs further allege that the Delaware action should not be stayed because it has proven difficult to serve some of the named defendants in this jurisdiction who may, however, be served in Delaware, and because pretrial discovery procedure in Delaware is more liberal than that prevailing in this State. The plaintiff has failed to sustain the validity of this contention. There are eight corporations named as defendants in this action, and six of them have either been served or have voluntarily appeared in the New York action. Of the two who have not appeared, namely Chicago Yellow Cab Company, Inc. and Transportation Maintenance Corporation, the former is a New York corporation, subject to service; the latter is an Illinois corporation, not shown to have been doing business in Delaware. Insofar as the individual defendants, upon whom service is sought are concerned, plaintiffs completely fail to set forth any facts tending to disclose the nature of any efforts to effect service in this jurisdiction, or that any of the individual defendants reside in Delaware and are subject to the in personam jurisdiction of the Delaware court. The claimed procedural advantages incidental to pretrial procedures in Delaware may be deemed speculative, and, in any event, there is no denial that a fuff and fair trial can be had on the merits in New York.
Although the courts of New York are not empowered to dismiss an action in another State, this court may exercise its equity powers over these plaintiffs since they have invoked its jurisdiction as a court of equity. In view of the fact that the Delaware action was commenced over two years subsequent to the time the first New York suit was commenced, and in view of the true purport of the order of May 22, 1958, which was to prevent the subjection of the defendants to the harassment of multiple litigation predicated upon the same claims, the plaintiffs and their counsel are enjoined and restrained from taking any further proceedings in connection with their Delaware action and from commencing any other action based on any of the transactions complained of in the consolidated action, pending the termination of the instant consolidated action in *175 New York. (Gaunt v. Nemours Trading Corp., 194 App. Div. 668; Rothschild v. Naamlooze Vennootschap Gebroeders, 194 Misc. 479.)
Settle order.