William J. Sullivan, J.
This is a motion under rule 107 of the Buies of Civil Practice to dismiss the complaint in this action based on negligence upon the ground that the cause of action is outlawed by the Statute of Limitations. Following an abortive attempt to secure jurisdiction over the defendant by serving a copy of the summons and complaint upon a person not authorized to accept service on behalf of the defendant (N. Y. L. J., May 15, 1963, p. 18, col. 4, [Hogan, J.]), copies of the summons and complaint were served upon the Superintendent of Insurance on May 15, 1963, in accordance with the provisions of section 59 of the Insurance Law.
It appears from the complaint that defendant is a foreign corporation authorized to do business in the State of New York; and that the cause of action is alleged to have arisen within the State of New York on March 3, 1960. Under section 229 of the Civil Practice Act and section 59 of the Insurance Law, service of the summons in an action against a foreign corporation conducting the business of insurance in this State is required to be made on a person or public officer designated by certificate filed in the Department of Insurance. Annexed to the opposing affidavit executed July 24, 1963, made by plaintiff’s attorney, is a copy of letter of the Insurance Department of the State of New York dated May 24, 1963 stating that the defendant has *135 designated the Superintendent of Insurance as its attorney to receive service of process in the State of New York; and that under section 59 such designation covers process in a cause of action arising within the State of New York. The opposing affidavit afore-mentioned refers to the decision in Jackson v. National Grange Mut. Liab. Co. (274 App. Div. 330) in which the court stated that section 59 of the Insurance Law relates only to liabilities ‘ ‘ arising out of insurance contracts delivered in this State ” (p. 334). In citing this case, plaintiff’s attorney on page 4 of his affidavit states that “ one may infer service of summons in an action grounded in negligence, as the one before this Court, upon the Superintendent of Insurance would not constitute service within Section 59 of the Insurance Law, for said section holds that service upon Superintendent of Insurance relates only to liabilities arising out of insurance contracts delivered in this state.” This conclusion on the part of the plaintiff’s attorney as to the scope of section 59 is erroneous.
The Jackson ease cited by plaintiff is not a completely correct statement as to the applicability of section 59. Subdivision 1 of section 59 specifically provides for designation of the Superintendent of Insurance as the attorney of any insurance company authorized to do business in this State ‘ ‘ upon whom all lawful process in any action or proceeding ® * * on a contract delivered or issued for delivery or a cause of action arising in this state may be served ” (italics supplied). It Avas expressly held in Waterman Corp. v. Johnston (193 Misc. 982, mod. on other grounds 275 App. Div. 798) that the provisions for service found in section 59 “ specifically apply to all causes of action ” (p. 984). That this latter interpretation of section 59 correctly represents the established policy of the office of the Superintendent of Insurance is corroborated in the letter of the Superintendent of Insurance dated May 24, 1963 above referred to. This method of service was at all times available to plaintiff; but, as hereinafter noted, he did not avail himself of it but mistakenly attempted another method of service which was ruled invalid by Mr. Justice Hogan in the afore-mentioned decision made herein on May 9,1963.
In opposition to the present motion, plaintiff asserts that the defendant should be barred from pleading the Statute of Limitations on the theory of “ equitable estoppel ”. This contention is based upon statements alleged to have been made by the manager of defendant’s office in Brooklyn at the time the summons was delivered to him personally by plaintiff’s attorney on February 26, 1963 to the effect that he was authorized to accept service and signed an admission of service; and plaintiff *136 complains that the defendant took £ 6 wrongful advantage ” of him in not serving its notice of motion attacking said service of process until after the Statute of Limitations had expired on March 3,1963. The papers indicate that said notice of motion was served by mail on March 13, 10 days after the expiration date of the statute. The principle of equitable estoppel has been applied by our courts to bar the defense of Statute of Limitations where a defendant has by deception or a violation of a duty toward the plaintiff, caused him to subject his claim to the statutory bar (Erbe v. Lincoln Rochester Trust Co., 13 A D 2d 211). The circumstances herein do not warrant the application of that principle to this case. Plaintiff should have been aware long prior to February 26,1963 that service on the Superintendent of Insurance was not only available, but in fact required, under section 229 of the Civil Practice Act and section 59 of the Insurance Law. His attempt now to excuse his failure to make proper service and to invoke “-equitable estoppel ” by imputing fraud and deception to the defendant for not “ educating ” him as to the proper method of serving process in the five-day period from February 26 to March 3 cannot be sustained.
Inasmuch as the Statute of Limitations as to the cause of action set forth in the complaint expired on March 3, 1963, the attempted institution of this action by the service of the summons and complaint on May 15,1963 was late, and the action is barred. Defendant’s motion to dismiss the complaint on that ground is granted.