John H. Galloway, Jr., J.
The defendant-appellant herein appeals from a judgment rendered on December 14, 1962 in the Justice’s Court, Town of Lewisboro, Hon. Robert E. Green, Justice of the Peace, in the amount of $500. The return dated December, 1964 and received in this court on February 23, 1965 indicates: (1) That the action was instituted by a summons dated September 12,1962 and made returnable October 19,1962; (2) that the summons demanded judgment in the sum of $494.50, together with interest from May 30, 1957, plus the costs of this action; (3) that on the trial of the action on November 9, 1962 the plaintiff’s attorney pleaded an oral complaint in the sum of $494.50, together with interest from May 30, 1957, plus the costs and disbursements, for work, labor and services and incidental materials; (4) that defendant appeared specially and made two motions addressed to the jurisdiction of the court to dismiss on the grounds that the summons was returnable more than 30 days from the date of issuance (Justice Ct. Act, § 46) and that the amount demanded in the notice of the summons exceeded the court’s jurisdiction.
Without considering the merit of the first of defendant’s motions, this court is of the opinion that the latter of the two motions was well founded and that the court below was in error in not granting the defendant’s motion.
Although in a brief filed with this appeal the respondent makes the claim that his attorney requested an amendment of the complaint to limit the demand therein to $494.50 only, eliminating the interest, the record before us is silent as to whether such a motion (if motion it was) was granted by the court below. The return clearly states: “ Said summons demanded judgment in the sum of $494.50, together with interest from May 30, 1957, plus the costs of the action ” and by this return an appellate court is bound (Marsh v. Peckham, 245 App. Div. 14). Hence the court below was without jurisdiction since the sum claimed exceeded the monetary jurisdiction of the court. (Justice Ct. Act, § 3, subd. 1; cf. Jackson v. National Grange Mut. Liab. Co., 299 N. Y. 333.) While the jurisdictional defect here apparent might have been remedied by an amendment of *700 the complaint (cf. Jackson v. National Grange Mut. Liab. Co., supra), the failure of the return to disclose such a motion and an amendment is fatal to plaintiff’s appeal, since the trial court was without jurisdiction to render any judgment.
The judgment of the court below is reversed and the summons and oral complaint thereon are dismissed.