**Helen F. KELBERT and Caribe Time Products, Inc., Plaintiffs,**

v.

**The TRAVELERS INSURANCE COMPANY, Defendant.**

United States District Court
S. D. New York.

Sept. 8, 1965.

Milton Gurwitz, New York City, for plaintiffs.

Terhune, Gibbons & Mulvehill, New York City, for defendant; John G. Donovan, New York City, of counsel.

FEINBERG, District Judge.

This is a motion stated to be brought under 28 U.S.C. § 1332(c) by plaintiffs for an order "transferring and remanding" the action to the Supreme Court of the State of New York, County of New York. Plaintiffs Helen F. Kelbert and Caribe Time Products, Inc., originally brought suit in the state courts in November 1963 against defendant The Travelers Insurance Company. The individual plaintiff is a citizen of the State of New York, and the corporate plaintiff was incorporated under the laws of the Virgin Islands. Defendant insurance company is a Connecticut corporation. The action seeks recovery upon two policies of life insurance issued by defendant upon the life of Rudolph S. Kelbert, husband of the individual plaintiff Helen F. Kelbert, which name plaintiffs as beneficiaries. Defendant's answer claims recovery is barred on the policies because of misrepresentations by the insured.

In December 1963, defendant removed the action to this court pursuant to 28 U.S.C. § 1441, alleging that diversity of citizenship existed. In February 1964, plaintiffs moved in this court for an order permitting them to file a demand for trial by jury, nunc pro tunc, although the time for such demand had passed. This motion was denied on March 10, 1964 after argument before Judge Bryan. The following day, a note of issue was filed. Some seventeen months later, plaintiffs brought this motion to remand to the state courts, apparently (according to oral argument) in an effort to preserve the right to jury trial, which has been lost in this court.

Although the motion purports to be brought pursuant to 28 U.S.C. § 1332(c), it is probable that plaintiffs are seeking relief under 28 U.S.C. § 1447(c). That section provides for remand "if at any time before final judgment it appears that the case was removed improvidently

and without jurisdiction * * *." Plaintiffs argue that there is lacking the requisite diversity of citizenship between the individual plaintiff and defendant, claiming that defendant corporation should be regarded as a citizen of the State of New York for the purpose of diversity. The basis for this claim is not clear. By construing plaintiffs' papers liberally, it appears that at least two arguments can be spelled out.

█ 1. Plaintiffs' notice of motion relies on 28 U.S.C. § 1332(c). That section provides that:

(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: *Provided further,* That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

Plaintiffs may be claiming that because defendant has been authorized by New York's Superintendent of Insurance to do business in this state and has been so engaged, it *should be deemed a New York citizen for purposes of diversity under 28 U.S.C. § 1332(c).*[1] Prior to 1958, a corporation was deemed a citizen only of the state of its incorporation. In that year, Congress enacted the portion of section 1332(c) quoted above up to the proviso. The Senate Report on the bill states that a corporation, such as an insurance company, whose business is multi-state is "regarded as a citizen of that *one* of the States in which was located its principal place of business." (Emphasis added.)[2] The Senate Report also refers to a report of the Committee on Jurisdiction and Venue of the Judicial Conference of the United States. That committee had considered a proposal that a corporation should be deemed a citizen of every state in which it does business. However, that suggestion was rejected, 2 U.S.Code Cong. & Ad. News, pp. 3099, 3111–3112 (1958). Therefore, the contention is without merit that because defendant was authorized to, and does, business in New York it is therefore a citizen of New York for diversity purposes. Kaufman v. General Ins. Co. of America, 192 F.Supp. 238, 242 (S.D. Cal.1961); Wear-Ever Aluminum, Inc. v. Sipos, 184 F.Supp. 364 (S.D.N.Y.1960); 1 Moore, Federal Practice ¶ 0.60[8.-4] p. 642 (1964); cf. In the Matter of L. F. Popell Co., 221 F.Supp. 534 (S.D.N.Y.), aff'd, L. F. Popell Co. v. Delta Airlines, Inc., 323 F.2d 50 (2d Cir. 1963) (per curiam). Plaintiffs cite two cases in support of their position, Jackson v. National Grange Mut. Liab. Co., 274 App. Div. 330, 83 N.Y.S.2d 602 (3d Dep't 1948), and Webster v. Columbian Nat'l Life Ins. Co., 131 App.Div. 837, 116 N.Y.S. 404 (1st Dep'ts), aff'd, 196 N.Y. 523, 89 N.E. 1114 (1909) (per curiam). However, these cases are not controlling. The portion of Jackson relied on by plaintiffs merely upholds the validity of consent to be sued as a condition of doing business in the state. In Webster, there is dictum that a foreign corporation doing business in the state is deemed a citizen of the state. However, subsequent New York cases appear to regard the language of Webster as applying to residency rather than citizenship. Continental Grain Co. v. Christie, 259 App. Div. 126, 18 N.Y.S.2d 257 (1st Dep't 1940); Gaunt v. Nemours Trading Corp., 194 App.Div. 668, 186 N.Y.S. 92, 95 (1st

---

1. Affidavit of Milton Gurwitz, sworn to July 21, 1965, submitted in support of plaintiffs' motion, paras. 3, 4.

2. S.Rep. No. 1830, 85th Cong., 2d Sess. (1958), as quoted in 2 U.S.Code Cong. & Ad.News, pp. 3099, 3102.

Dep't 1921). In any event, the force of Webster would fall in the face of the federal authorities cited above and immediately below.

■■ 2. Plaintiffs may also be claiming that defendant has agreed to be sued only in the New York State courts on matters affecting the policies it issues and, therefore, cannot remove the case to the federal court.[3] Plaintiffs may be inferring such an agreement under New York Insurance Law, McKinney's Consol. Laws, c. 28, § 59 and New York Penal Law, McKinney's Consol. Laws, c. 40, § 1199, which require appointment of an agent to receive service of process in this state by a foreign insurance company doing business here. It is doubtful whether this condition can reasonably be construed as an agreement by defendant not to remove cases to the federal courts. In any event, it is clear that such an agreement not to remove a case from the state courts, required by a state as a condition for authorizing a corporation to do business within its borders, is invalid. Carson Constr. Co. v. Fuller-Webb Constr., 198 F.Supp. 464 (D.Mont.1961); Davila v. Hilton Hotels Int'l, Inc., 97 F.Supp. 32 (D. Puerto Rico 1951); see also 1A Moore, Federal Practice ¶ 0.157[2] p. 81 (1965).

Finally, defendant, rather than plaintiffs, alludes to the possibility that plaintiffs are relying upon the proviso of 28 U.S.C. § 1332(c) quoted above. However, there is nothing in plaintiffs' papers to indicate that they allege defendant to be a citizen of the State of New York because of the proviso in section 1332(c). Moreover, the section clearly refers to "any direct action against the insurer of a policy or contract of liability insurance"; there is no doubt that plaintiffs here sue upon a policy of life insurance rather than liability insurance. Accordingly, plaintiffs' motion is denied. Settle order on notice.