■ DELIA FLEMMING et al., Respondents, v. TRAVELERS INSURANCE COMPANY, Appellant.— Order of the Supreme Court, Westchester County, dated October 30, 1967, modified, on the law and the facts, by striking out the provision that plaintiffs' motion for summary judgment is granted and by substituting therefor a provision that said motion is denied. As so modified, order affirmed, with $10 costs and disbursements to appellant. The modification herein is based on our determination in *Flemming* v. *Williams* (30 A D 2d 834). Moreover, and apart therefrom, we hold that appellant raises an issue as to whether it issued the insurance policy which was attached. Notwithstanding the fact that plaintiffs claimed that appellant was estopped to raise this claim because it admitted, by affidavit, that it had insured Williams, the question of estoppel should not be decided by affidavits but rather at a trial where the facts may be fully developed. Christ, Acting P. J., Munder and Martuscello, JJ., concur; Brennan, J., dissents and votes to affirm the order, with the following memorandum, in which Hopkins, J., concurs: This action, pursuant to section 167 of the Insurance Law, is based upon the judgment recovered by plaintiffs against one Williams which is the subject of the appeal in *Flemming* v. *Williams* (30 A D 2d 834). Since we are of the opinion that the judgment should not be vacated, we do not agree that this appeal has become academic and, on the merits, we are of the view that the order appealed from should be affirmed on the ground that appellant is estopped from denying that it had issued the policy which was attached by plaintiffs. The record establishes that the error as to the company issuing the policy was initiated by appellant. That company had discussed plaintiffs' claim against Williams and had issued its check in payment of medical expenses which it asserted was covered by its assured's policy. Later, its attorney stated unequivocally that it had issued the policy. That conduct clearly influenced plaintiffs to proceed with their action against Williams, with its attendant expense, includ-

834

ing opposition to the appeal from the order denying the motion to vacate the order of attachment. Thereafter, still without claiming that it was not the proper insurance company, appellant's attorney, representing defendant Williams, moved to vacate the default judgment against Williams, again with the resulting necessity on plaintiffs' part of opposing the motion and defending the order in their favor on appeal. The conclusion is inescapable that plaintiffs acted to their prejudice upon the strength of appellant's conduct; and appellant should be estopped from denying that it had issued the liability insurance policy to Williams. That conclusion is reinforced by the fact that, if appellant's defense is allowed at this late date, plaintiffs may be faced by the bar of the Statute of Limitations if they institute another action (cf. *Erickson* v. *Macy*, 236 N. Y. 412). In our opinion the doctrine of estoppel may be applied even though it would prevent appellant from asserting the defense that jurisdiction had not been obtained in the action against Williams. Even constitutional rights may be cut off by estoppel (*Pierce* v. *Somerset Ry.*, 171 U. S. 641, 648); and the "question is not even debatable that jurisdiction of the person of a litigant may be conferred upon any court by consent, providing the court has jurisdiction of the subject matter of the action" (*Jackson* v. *National Grange Mut. Liab. Co.*, 274 App. Div. 330, 334, app. dsmd. 299 N. Y. 333). The court unquestionably had jurisdiction of the subject matter in the Williams action; and defendant may properly be estopped from denying lack of jurisdiction of the person.