CONTINENTAL RUBBER WORKS, Appellant, *v.* TRI-CONTINENTAL CORPORATION, Respondent.

*Trial — calendar practice — commercial causes — action arising out of, may be specially reserved for trial — judicial discretion — Supreme Court, Erie County, Rules, rule 8, construed.*

Appeal from an order of the Supreme Court, made at the Erie Trial Term and entered in the Erie county clerk's office January 18, 1923.

PER CURIAM: The justices of the Supreme Court elected in the Eighth Judicial District have adopted the following Calendar Rule applicable to Erie county: Rule 8. " Part IV is reserved for the trial of actions on sales of personal property, including agreements incident to such sales, for work, labor and services, and materials furnished, upon policies of insurance, and upon negotiable paper and other instruments transferable by endorsement or order, and for determining the validity of probate by action in the Supreme Court." This rule accords with the requirement of section 149 of the Judiciary Law. Authority to adopt the rule is found in section 155 of the Judiciary Law. The plaintiff has duly moved under this local rule to reserve this cause for trial in Part IV. The complaint shows the action to be one for the breach on the part of the buyer of a contract by which the plaintiff agreed to manufacture and sell to the defendant certain articles of personal property. The contract clearly was one for the sale of future goods. (Pers. Prop. Law, §§ 86, 156.)* We recognize that opinions may differ as to whether such an action falls within the class of " actions on sales of personal property, including agreements incident to such sales." Considering however, the general calendar situation and practice in Erie County and the desirability of the prompt trial of causes arising out of business transactions, we deem it advisable to construe the rule broadly. While we thus determine that the court had power to grant the defendant's motion, we do not hold that the court was

---

* Added by Laws of 1911, chap. 571, known as the Sales of Goods Act.— [REP.

required to do so.  The rule does not interfere with the judicial discretion to determine when the reservation is to be granted or what shall be the order of the trial of such causes reserved for Part IV.  The trial judges are intrusted with a wide discretion in the control of their trial calendars.  The order denying the plaintiff's motion having been founded upon an absence of power within the rule should be reversed and the motion remitted for further consideration at the Trial Term.  Order reversed, with ten dollars costs and disbursements and motion remitted to the Trial Term for further action.  All concur.