PISTELL, DEANS & CO., INC., Appellant, *v.* RICHARD L. WOOD, Respondent.

Fourth Department, May 13, 1931.

*Donovan & Raichle* [*J. C. Randal* of counsel], for the appellant.

*Killeen & Sweeney* [*Milton E. Kaeselau* of counsel], for the respondent.

CROSBY, J. It is not claimed that this case is not one entitled to a preference under the provisions of rule VIII of the Rules of the Supreme Court, Eighth Judicial District, for Erie County. Appellant's only complaint relates to the time and manner of claiming the preference. The cause was placed upon the general calendar by the attorneys for defendant about June 2, 1930, no claim being made for a preference until a notice of motion, dated March 16, 1931, was served by defendant's attorneys, returnable before Part IV (the Calendar Part) on March 23, 1931. Thus it is seen that the case was on the general calendar for nearly ten months before defendant, who placed it there, demanded a preference. Under

those circumstances was the defendant entitled to an order granting a preference?

The authority for the adoption of the local rules in question is found in section 155 of the Judiciary Law: " § 155. Supreme Court justices in Eighth Judicial District may regulate calendars in Erie county. The justices of the Supreme Court elected in the Eighth Judicial District may adopt, and from time to time amend rules and regulations for making calendars of cases at issue to be tried in the Supreme Court in and for the county of Erie."

In pursuance of that section the justices in the Eighth District adopted rules, among which is the following:

" Rule VIII. Preferences. The Court reserves the right to reserve not to exceed three trial parts for the trial of tort actions only. Subject to such right and in addition to preferences provided by statute the following causes of action are entitled to be moved as preferred causes as hereinafter indicated, viz: All actions in which plaintiff's complaint sets forth one or more of the following causes of action, and no others:" [here follows definitions of the various preferred causes]. The rule then goes on to state: " Any such cause [meaning one therein before defined as a cause entitled to a preference] upon the Trial or General Calendar, by motion made in open court at Calendar Call in Room 34 by either party after written notice to the other of five days if served personally and of eight days if served by mail, may be moved upon the Held Causes regardless of its position upon the Trial or General Calendar; and when the same shall be reached upon the Ready Cause Calendar the cause shall be assigned for trial by the Justice presiding in Part IV."

Section 141 of the Civil Practice Act, so far as material to our present inquiry, reads as follows: (quoting only a part of subdivision 3):

" § 141. Manner of obtaining preference. * * * 3. In the counties of [among others] Erie, * * * no action or special proceeding shall be placed as a preferred cause upon the calendar of any circuit court or trial term or special term of any court as herein provided, but the party desiring a preference of any cause shall serve upon the opposite party, with his notice of trial, a notice that an application will be made to the court at the opening thereof, or to such justice or other term of court or at such other time as shall be prescribed by the general or special rules of practice, for leave to move the same as a preferred cause, and if the right to a preference depends upon facts which do not appear in the pleadings or other papers upon which the case is to be tried the notice must be accompanied by an affidavit showing the facts."

The provision of subdivision 3 of section 141 of the Civil Practice Act, that "No action * * * shall be placed as a preferred cause upon the calendar of any * * * court," etc., unless notice of the claim of preference has been given with the notice of trial, and the provisions of local rule VIII, that "any such cause [meaning a cause of a kind entitled to be preferred] upon the Trial or General Calendar * * * may be moved upon the Held Causes regardless of its position upon the Trial or General Calendar," have led to some confusion. Not much aid is derived from studying and trying to reconcile cases decided in different departments arising under different local rules. The most important thing to the bench and bar of Erie county is to have the calendar rule in question interpreted in a way so that all may understand it the same.

It must be borne in mind that the trial justices could not make a rule contrary to statute. Local rule VIII must be deemed to have been adopted in the light of the statute (Civ. Prac. Act, § 141, subd. 3), and subject thereto. That section plainly provides that in the county of Erie a claim of preference must be based on a notice of such claim, served with the notice of trial. The provision of local rule VIII in relation to obtaining a preference presupposes that the mandate of subdivision 3 of section 141 of the Civil Practice Act has been obeyed.

The conclusion is reached, therefore, that as the law and the rules in Erie county now stand, preference on the calendar cannot be claimed, as a matter of right, unless a notice of claim to such preference shall have been served with the notice of trial.

The trial court, however, in the exercise of a sound discretion, may "by the special order of the court, in the particular case" (Civ. Prac. Act, § 138, subd. 20), determine the order in which causes on the trial calendar shall be tried, "the trial judges are intrusted with a wide discretion in the control of their trial calendars." (*Continental Rubber Works* v. *Tri-continental Corporation*, 206 App. Div. 643.)

In the instant case, however, the preference was claimed as a matter of right, based on local rule VIII and without any showing addressed to the discretion of the court.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, without costs.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, without costs.