HAZEL HULL, Appellant, *v.* SAMUEL TRAINOR and Another, Respondents, Impleaded with SAMUEL BRENNER, Defendant.

Second Department, October 9, 1931.

*Ellis A. Bates* [*Leonard F. Fish* with him on the brief], for the appellant.

*E. Edan Spencer,* for the respondents.

PER CURIAM. The action was brought in Rockland county in January, 1931. Defendants Trainor and Balaban appeared by an attorney and served an answer, and defendant Brenner served an answer by a separate attorney. The cause was placed on the calendar for the March, 1931, term and all parties answered ready.

It now appears that none of the parties resides in the county of Rockland. Defendants Trainor and Balaban, without ever having made a demand for a change of the place of trial on the ground that the venue was not laid in the proper county, made a motion at Special Term in May to change the place of trial from Rockland to New York county on the ground that it would serve the convenience of witnesses and promote the ends of justice. Defendant Brenner did not join in the application.

It does not appear that any of the parties lived in New York county. No witnesses are named whose convenience will be served by changing the place of trial. It is only for the convenience of these moving parties that the change is sought. The order granted the change of venue to the county of Kings. No one had asked for such relief. Although it appears that two of the parties reside in Kings county, neither is asking that the place of trial be changed to that county. The parties have by their conduct acquiesced in the selection of Rockland county as a proper and convenient place for trial, and the action may there be tried. (Civ. Prac. Act, § 186; *Furia* v. *Colletti-Reina*, 208 App. Div. 741.) Furthermore, there was no authority or discretion on the part of the court by its own motion to change the place of trial to the county of Kings when no party had asked for such relief. (See *Upjohn* v. *First Methodist Episcopal Church Soc.*, 156 App. Div. 147; *Levey* v. *Payne*, 200 id. 30.)

The order should be reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion for a change of venue denied, with ten dollars costs.

LAZANSKY, P. J., YOUNG, KAPPER, CARSWELL and DAVIS, JJ., concur.

Order changing place of trial reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.