JOHN CONROY, Plaintiff, v. ERIE RAILROAD COMPANY, Defendant.

Supreme Court, Trial Term, Kings County, December 5, 1946.

*Gilbert D. Steiner* for plaintiff.

*Davis Polk Wardwell Sunderland & Kiendl* for defendant.

HALLINAN, J. Motion by plaintiff for a preference. Defendant opposes the application solely on the ground that neither the plaintiff nor the defendant is a resident of Kings County.

Plaintiff was a laborer in the employ of the defendant railroad and on February 3, 1946, at Secaucus, New Jersey, was run over by one of the defendant's trains as a result of which both of his

legs were amputated. He was a patient in St. Francis Hospital, Jersey City, New Jersey, from February 3 to June 26, 1946. At the time of the accident, the plaintiff was lodged in defendant's camp car which was parked on a siding at Secaucus. At the time of the service of the summons, plaintiff was a resident of Brooklyn, New York, but shortly thereafter removed to the Frances Schervier Hospital, a charitable institution maintained in the borough of The Bronx by the Sisters of the Poor of St. Francis. Plaintiff is seventy-one years of age, has been wholly incapacitated by reason of this accident, is entirely without funds, and his only means of support is the charitable relief that he is receiving from the hospital.

Preferences have been granted where the showing of destitution is complete (*Whithers* v. *News Syndicate Co.*, 265 App. Div. 868), and where the plaintiff is of advanced age and in poor physical condition (*Hyman* v. *National Transportation Co.*, 260 App. Div. 869.) In the instant case, the plaintiff is a charity patient, has lost both his legs, is entirely incapacitated, is seventy-one years of age, and in the interests of justice is entitled to a preference.

Section 4 of article II of the New York State Constitution provides as follows: " [Certain occupations and conditions not to affect residence] § 4. For the purpose of voting, no person shall be deemed to have gained or lost a residence, by reason of his presence or absence, while employed in the service of the United States; nor while engaged in the navigation of the waters of this state, or of the United States, or of the high seas; nor while a student of any seminary of learning; *nor while kept at any almshouse, or other asylum, or institution wholly or partly supported* at public expense or *by charity;* nor while confined in any public prison." (Italics supplied.) The plaintiff has not lost his residence in Brooklyn by reason of his removal to a hospital.

The authorities cited by the defendant in opposition to this application (see *Williams* v. *A. Hollander & Son, Inc.*, 249 App. Div. 784) are inapposite. There it was held that where neither the plaintiff nor the defendant is a resident of the county in which the venue is laid, the plaintiff could not have a preference granted to him in the trial of the action. Here, as already stated, the plaintiff was a resident of Kings County at the time the action was commenced. It may be pointed out, moreover, that the cited cases were determined prior to September 1, 1940, when rule 151 of the Rules of Civil Practice became effective. Said rule now embodies in a large degree the relief which prior to the amendment was governed by the provisions of section 138 of the

Civil Practice Act. Subdivision 3 of said rule permits the granting of a preference where " the interests of justice will be served by an early trial * * *." The effect of the new rule is to leave the matter of preferences largely within the discretion of the trial court. " This is in accordance with the principle that such discretion inheres in the courts, which are best fitted to ascertain whether relative justice can be accomplished under the circumstances of each case, by advancing a cause over older issues." (Sixth Annual Report of N. Y. Judicial Council, 1940, p. 285.)

In the light of the foregoing and under all of the circumstances of this case, it is clear that justice will be served by the granting of plaintiff's motion. Accordingly the case will be added to the ready calendar of January 6, 1947.

Submit order.