CARBIDE AND CARBON CHEMICALS COMPANY, A DIVISION OF UNION CARBIDE AND CARBON CORPORATION, Plaintiff, *v.* NORTHWEST EXTERMINATING Co., INC., et al., Defendants.

Supreme Court, Special Term, Queens County, January 11, 1955.

*Kelley, Drye, Newhall & Maginnes* for plaintiff.

*Milton Lipson* for defendants.

HALLINAN, J. Motion by plaintiff for an order directing the calendar clerk of this court to grant a preference in the trial of this action, pursuant to rule 6 of the Queens County Supreme Court Rules.

The purpose of that rule, as set forth in subdivision (e) thereof, is " to accord a preference in trial to all actions on the trial term calendar arising out of the commercial or business transactions　*　*　*　provided that the venue of the action is properly in Queens County."

This action is for breach of contract. The question presented on this motion is whether the venue of this action is properly in Queens County.

It is conceded that none of the defendants is a resident of Queens County. Plaintiff alleges that it is " an unincorporated division of Union Carbide and Carbon Corporation, a domestic corporation, whose main office is located at No. 30 East 42nd Street, City, County and State of New York." The division has, of course, no legal existence apart from the corporation and its residence must be determined by that of the corporation. For purposes of venue, a corporation's residence is in the county des-

ignated in its certificate of incorporation as the place where its office is to be located. (*Jonas Equities* v. *614 E. 14th St. Realty Corp.*, 282 App. Div. 773.) The fact that it maintained offices in other counties for the transaction of its business does not make it a resident of such other counties. (*Hearn* v. *Farrell Lines,* 278 App. Div. 829.) It is apparent, therefore, that none of the parties to this action is a resident of Queens County. The question remains whether the venue of this action is properly in Queens County.

Section 182 of the Civil Practice Act, so far as pertinent here, provides that an action in the Supreme Court " must be tried in the county in which one of the parties resided at the commencement thereof."

Rule 146 of the Rules of Civil Practice provides in part: " If the defendant in an action in the supreme court demand that the action be tried in the *proper* county, he must serve with the answer, or before service of the answer, a written demand accordingly." (Emphasis supplied.) Failure to make timely demand constitutes a waiver of the *right* to insist that the venue be changed to the proper county (*Hoffman* v. *Hoffman,* 153 App. Div. 191), although the court may still order such change as a matter of discretion (*Reichenbach* v. *Corn Exch. Bank Trust Co.,* 249 App. Div. 539).

Since defendants made no demand for a change of venue pursuant to rule 146, the action may be tried in this county but that does not make Queens County the *proper* county. The very fact that rule 146 provides for transfer to the " proper " county implies that an action may, in the absence of such demand, be tried in a county other than its proper venue. Similarly the provisions of subdivision (a) of rule 6 of the Queens County Supreme Court Rules granting a preference to commercial cases " provided that the venue of such action is properly in Queens County within the provisions of the Civil Practice Act (§ 182, et seq.) and the Rules of Civil Practice (rule 146, et seq.) " implies compliance with said section and rule rather than waiver thereof.

It follows that while this action may be tried in Queens County, its venue is not properly placed here and accordingly the action is not entitled to a preference under rule 6 of the Queens County Supreme Court Rules.

Counsel for the plaintiff cites *Shapiro* v. *Leslie Fay Corp.* (N. Y. L. J., Dec. 16, 1954, p. 9, col. 6), wherein rule 7 of the Kings County Supreme Court Rules, which is similar to our rule 6, has been construed differently. This court does not

consider that citation as conclusive upon the interpretation of our own rules.

The determination of the calendar clerk denying a preference is confirmed and plaintiff's motion is denied.

Submit order.