IDA COOK et al., Plaintiffs, *v.* LAWSON HOWARD et al., Defendants.

Supreme Court, Trial Term, Bronx County, May 16, 1955.

*Louis H. Kaufman* for plaintiffs.

*Richards W. Hannah* for Lawson Howard, defendant.

*Robinson & Gales* for H. L. F. McBride, Inc., defendant.

MATTHEW M. LEVY, J. The plaintiffs have applied for a preference pursuant to subdivision 5 of rule IV of the Trial Term Rules of this court. The situation presented seems unusual, and it is doubtful whether the express language of the rule warrants the precise relief requested. That rule provides that " An action to recover for personal injuries resulting in permanent or protracted disability, or an action brought pursuant to Section 130 of the Decedent Estate Law, may be advanced to any Ready Day Calendar or otherwise preferred in the trial or hearing thereof, on motion of the justice presiding at Trial Term Part I, provided that the plaintiffs, other than those to whom section 182-b of the Civil Practice Act applies, are residents of the County of Bronx, and that simultaneously with or prior to filing the note of issue there shall have been filed with the calendar clerk of Trial Term " copies of the summons, pleadings, plaintiffs' bill of particulars, and certain other papers.

The plaintiffs are residents of Bronx County. They instituted the actions — which have heretofore been consolidated — in this court because the corporate defendant has its place of business in Goshen, New York, and service of process could not be effectuated within the territorial area of the City of New York, and thus jurisdiction was not available to the City Court of the City of New York, although the plaintiffs recognized that the monetary limits of that court's powers were adequate in the light of the injuries sustained and the damages recoverable. Thereafter, the plaintiffs sought to have the consolidated action transferred to the City Court. But the corporate defendant has refused to consent to such transfer.

Quite obviously, as appears from the particulars furnished by the plaintiffs, I cannot say — in the language of the rule — that the action involves " personal injuries resulting in permanent or protracted disability ". But to deny these plaintiffs a preference in the circumstances of this case would be unjust.

And to require this case to be tried in the Supreme Court — when the plaintiffs agree it should be tried in the City Court — is completely unjustified. The trial calendar in the Supreme Court for this type of case is several years behind and it is plain that the defendant hopes — by refusing to consent to a transfer to the City Court — to delay the day of trial and perhaps of judgment. Moreover, this court is busy enough without keeping unwanted actions on its calendar, and thus further delaying the disposition of other causes properly pending here.

Jurors in the City Court of Bronx County are chosen from the same general panel as are those for the Supreme Court. Justices of the City Court are now assigned to preside over trial parts in the Supreme Court. The plaintiffs do not want to invoke the Supreme Court's unlimited monetary jurisdiction. But, over the defendant's objection, I cannot transfer the cause to the City Court (*Friedman* v. *Strand,* 203 Misc. 170; cf. L. 1955, ch. 717). Nevertheless, the court, it seems to me, should not be helpless when it comes to controlling its own calendars — at least to the extent of not permitting one litigant to use the delays of calendar congestion to perpetrate a clear injustice and further to aggravate that congestion.

I have therefore come to the conclusion that I should utilize the inherent power and sound discretion of the court to manage its own calendar problems even where there is no established rule to fit the case. Accordingly, the plaintiffs' application for a preference will be granted — on the court's own motion — and the cause will be set for prompt trial for a day certain. If, however, the defendant — within five days of the service of a copy of the order with notice of entry — consents to transfer the cause to the City Court, Bronx County, the plaintiffs' application for a preference will be denied. Order signed.