Matthew M. Levy, J.
This is an action for wrongful death allegedly caused by the intestate’s being struck by defendant’s train in a subway station. In this kind of action, at least, and in view of the special circumstances arising from the death of one employee (the motorman) and the retirement of another (the railroad clerk then on duty) and the unfinished or abortive examination of defendant before trial, this motion by plaintiff to direct defendant to furnish the name and address of the retired employee, so that plaintiff may take his pretrial deposition as a witness, is granted.
Mere lack of precedents — one way or the other — in this department is of course not fatal to the application and, in the light of the decisions in the second department (Gutley v. Huron Stevedoring Corp., 274 App. Div. 1061; Nathanson v. Lutheran Hosp. Assn., N. Y. L. J., Jan. 30, 1956, p. 11, col. 5, Martuscello, J.; Curcio v. New York City Tr. Auth., N. Y. L. J., Sept. 24, 1956, p. 10, col. 7, Hart, J.), no reason appears for a contrary rule (cf. Parker v. Burgoyne, 167 Misc. 542; Kenyon v. Lord & Taylor, 206 Misc. 611).
Settle order.