Matthew M. Levy, J.
This is a negligence action. The accident occurred in New York County. The plaintiff was, at the time, and still is a resident of Missouri. The defendants were and are residents of Bronx County. The plaintiff applies for a preference pursuant to rule IV (subd. 5) of the Bronx County Supreme Court Buies. This rule reads as follows, in its presently pertinent provisions: “ An action to recover for personal injuries resulting in permanent or protracted disability * * * may be * * * preferred * * * provided that the plaintiffs * * * are residents of the County of Bronx ” (italics mine).
*816 The plaintiff in the present action would therefore appear to be precluded from obtaining a preference because of her out-of-State residence. The decision of Yates v. John J. Casale, Inc. (89 N. Y. S. 2d 583) — seemingly to the contrary of what I have just said — is not in point. That was a New York County case and was decided in 1949; and the court was not then confronted by a rule plainly requiring that the plaintiff be a resident of New York County. At the time of that decision subdivision 5 of rule V of the New York County Supreme Court Trial Term Rules imposed no residence requirement whatsoever — and neither did the Bronx rule. In 1950, both rules were amended to require residence of the plaintiff in the respective county. In 1953, the New York County rule was again amended — this time, to the effect that the cause may be advanced for trial: “ * * * provided that the plaintiffs * * * are residents of the State of New York and County of New York, or if not residents of the State of New York, that the defendant or one or more of the defendants is a resident of the County of New York ” (italics mine).
New York County is not now alone in expressly granting preferences to out-of-State residents in actions to recover damages for serious personal injuries. (See, e.g., Kings County Supreme Court rule 9, and Queens County Supreme Court rule 9.) But the Bronx rule has remained unaltered.
In the circumstances, an argument may be presented that — in the face of the Bronx rule specifically requiring that the plaintiff be a resident of Bronx County — a preference may not be granted in The Bronx to an out-of-State resident. On the bare basis of the precise wording of the rule, the contention has merit. But I am not persuaded. Calender congestion in negligence cases does not plague any one county in New York City. In my view, the failure to amend the Bronx rule — in line with the rules in the other metropolitan counties — was merely an oversight. And once again, where the practice in our sister counties is sound and just, I shall speak for the elimination of contrariety of technical view in the county where I am privileged to preside (see Parker v. Burgoyne, 167 Misc. 542; Kenyon v. Lord & Taylor, 206 Misc. 611; Smith v. City of New York, 3 Misc 2d 602). I shall therefore not apply the rule strictly on the basis of its language — for as I see it, the purpose of the rule will not in any way be frustrated by holding that a preference is allowable (cf. Continental Grain Co. v. Christie, 259 App. Div. 126). There is no danger that a nonresident suing a New York resident in such a case will be able to scan the State for a favorable preference rule — since the proper venue is in the county *817 where the defendant resides (Civ. Prac. Act, § 182) and since the court has ‘ ‘ inherent power and sound discretion * * * to. manage its own calendar problems ” (Cook v. Howard, 208 Misc. 358, 360; see Toomey v. Farley, 2 N Y 2d 71).
Nonresidents of the State who are gravely injured in accidents in our State, and whose claims can justly be measured only by the general jurisdiction of our Supreme Court, should not — by denial of a general preference — be deprived, in effect, of their day in court (cf. Denton v. Koshfer, 201 Misc. 394, 399). Indeed, it may be doubtful whether they can lawfully be (see U. S. Const., 14th Arndt., § 1). It does not suffice to say here that they have the Hobson’s choice of consenting to go to a court of limited monetary jurisdiction — notwithstanding how substantial their just claims.
The general preference applied for is granted, and an order has been signed to that effect.