James D. Hopkins, J.
The plaintiff in an action to recover for personal injuries moves for a preference pursuant to rule 2A of this court. The motion is made simultaneously with the filing of a note of issue for the February 1961 Term. An affidavit of the attending physician indicates that the accident in which the injuries were sustained occurred on July 3, 1960; that the plaintiff was hospitalized from July 3 to July 9, 1960, then transferred to her home at Mount Vernon, New York, and again hospitalized from July 11 to July 18, 1960; and that the plaintiff suffered a cerebral concussion, multiple contusions, and fractures of the second and fourth ribs. The physician’s affidavit further states that no permanent sequelae are anticipated from the contusions and fractures, but that it is anticipated that the plaintiff will suffer post-concussion residuals, as well as continued pain, tenderness and swelling of the right foot. The plaintiff’s bill of particulars alleges that she was incapacitated from employment from July 3, 1960 to September 6, 1960 and was confined to bed for one week beyond the periods of hospitalization indicated:
The question presented is the extent of the power of the court to grant a preference under the facts stated. Although there are expressions in opinions of courts in other Departments that the Trial Judge has inherent authority to prefer an action (Continental Rubber Works v. Tri-Continental Corp., 206 App. *169 Div. 643, 644; Carnes v. Zaughi, 4 Misc 2d 815; Cook v. Howard, 208 Misc. 358; cf. Williams v. Edward DeV. Tompkins, Inc., 209 App. Div. 546), a recent decision of the Appellate Division, Second Department, appears to negate such authority apart from statute or rule (Hedges v. Warwick-Greenwood Lake & New York Stages, 12 A D 2d 640). There the court said that ir the Supreme Court, Orange County, a preference in trial may he obtained only on a formal motion based on affidavits, on notice to the opposing party.
The source of power to grant a preference is derived from both statute and rule. The Justices of the Appellate Divisions of the several Departments are authorized to adopt rules regulating preferences in civil actions (Civ. Prac. Act, § 140; see, also, Judiciary Law, §§ 85, 86), although the Justices of the Supreme Court in the Eighth Judicial District may make rules governing the calendar in Erie County (Judiciary Law, § 152). Pursuant to that authority, the Justices of the Appellate Divisions have adopted rule 151 of the Buies of Civil Practice.
Buie 151 provides that civil causes shall be tried in order of the notes of issue, except as may otherwise be provided by rule of any Appellate Division. Subdivision 3 thereof further provides that a preference shall be obtained by applying at the opening or during the term for which the cause has been noticed, upon notice served with a copy of the note of issue, unless otherwise prescribed by rule applicable to the particular court. Some latitude is conferred on the court under rule 151, for it continues to state that, “ upon sufficient cause shown why the prescribed procedure has 'not been followed, the court or a judge thereof, upon notice, may, nevertheless, grant a preference ’ ’.
The Appellate Term, Second Department, has construed rule 151 to prevent the granting of preferences except under its provisions or a rule of the Appellate Division of the Department in which the particular court is located (Tobin v. W. T Grant Co., 17 Misc 2d 517), and it has been held that a local role of a court must be deemed to have been adopted in the liight of the relevant authority (Pistell, Deans & Co. v. Wood, 232 App. Div. 411).
We turn, then, to rule 2A of this court, viewed in the background of the relevant authority. Buie 2A permits a preference of “ an action to recover damages for personal injuries resulting in permanent or protracted disability or to recover damages for death * * * on motion of the justice presiding at Trial Term, Part I, or at any Pre-Trial Term”, provided certain conditions relating to the filing of the pleadings, the bill of *170 particulars, and a physician’s affidavit, have been met. Considered with rule 151, which empowers the granting of a preference generally when it is shown that the interests of justice would be served by an early trial, rule 2A clearly specifies a refinement of rule 151 in actions involving personal injuries, “ resulting in permanent or protracted disability ”.
The policy of rule 151 for the trial of actions in the order of their note of issue is manifest, so that it is readily concluded that the “ permanent or protracted disability ” to which rule 2A refers must be of an unusual and extraordinary character. Weighing the- facts of the instant motion under this test, the court holds that the plaintiff has not shown injuries amounting to a disability of an unusual and extraordinary character. Severe and serious as the plaintiff’s injuries may have been and are, they are not so far different from injuries which other plaintiffs in actions on the calendar have likewise sustained to justify the preference of her case over the other cases on the calendar.
The motion is therefore denied.