James D. Hopkins, J.
The defendants move for an order vacating the order of this court granting a preference at a Pre-Trial Term. The plaintiff suffered personal injuries which he claims were the result of negligence on the part of the defendants and sues to recover damages sustained as a consequence. The defendants contend that the court was without *171 authority to grant a preference, inasmuch as the conditions of rule 2A of this court were not met by the plaintiff.
In Bailey v. Smith (27 Misc 2d 168) decided herewith, the court has traced the power of the court to grant a preference under rule 2A, and held that it must be read in the light of rule 151 of the Buies of Civil Practice, and as a refinement of the provisions thereof in actions involving personal injuries, “ resulting in permanent or protracted disability” (rule 2A). That decision, however, arose from a motion made on papers on notice to the opposing party and did not consider the question of a preference granted at a Pre-Trial Term.
Buie 151 provides that an application for a preference shall be made at the opening or during the term for which the cause has been noticed, upon notice served with a copy of the note of issue, “ unless otherwise prescribed by rule applicable to the particular court ’ ’. It then .continues to provide that ‘ ‘ upon sufficient cause shown why the prescribed procedure has not been followed, the court or a judge thereof, upon notice, may, nevertheless, grant a preference ”. The Appellate Division, Second Department, adopted Special Buie I, applicable to the Supreme Court in the Counties of Westchester, Orange, Dutchess, Dockland and Putnam, on February 9,1953, and amended on January 1, 1954. Special Bule I provides for Pre-Trial Terms to be appointed by the Appellate Division, and in subdivision (d) thereof permits the justice at a Pre-Trial Term, upon examination of the pleadings and bill of particulars, and after a hearing, with the consent of counsel or the parties, to make an order providing for the settlement, discontinuance or other disposition of the case.
' Buie 2A confers the same power of preference on a justice presiding at a Pre-Trial Term as at Trial Term, Part I. It requires that certain conditions be met: (1) that the plaintiff is a resident of the county, or'a nonresident of the State, and the venue is properly laid in the county; (2) that copies of the summons, verified complaint, verified bill of particulars and doctor’s affidavit, stating the duration and description of the injuries, the plaintiff’s disability, and the prognosis, be filed and examined by the court.
The order here sought to be vacated was granted at the mass Pre-Trial Term held in this court in the month of November, 1960, upon the order of the Appellate Division, Second Department. It was made after hearing the attorney for the plaintiff and a representative of the insurance carrier for the defendants, who appeared in response to a notice sent to the attorney for the defendants. The ground upon which the order is sought to *172 be vacated is that there was not presented at the hearing a doctor’s affidavit as required by rule 2A.
At the hearing, however, there was presented a letter, dated November 10,1960, of Louis H. Sigler, M.D., a cardiologist, and a letter of April 29, 1959, of Dr. Sigler. Those letters indicate, in Dr. Sigler’s opinion, some damage to plaintiff’s heart as a result of his injury. The defendants’ representative stated at the hearing that at the instance of the defendants the plaintiff had been examined by Sidney P. Zimmerman, M.D., a cardiologist.
Under the circumstances, it is the belief of the court that the conditions of rule 2A have been substantially met. The purpose of the requirement that a doctor’s affidavit be presented to the court and defendants is to provide information as to whether the plaintiff’s disability is of a “permanent or protracted” character. Here the letters of the plaintiff’s doctor furnished information of that nature, and indicated a heart damage which the court in its discretion determined was a sufficient reason to warrant a preference. Otherwise, the plaintiff would be compelled to wait several years before trial, which, in an injury of this nature, might be seriously prejudicial to the plaintiff.
The rules of the court should be liberally construed to carry out their purposes (Wegman v. Republic Camera Corp., 190 Misc. 513, affd. 273 App. Div. 757). “In following rules of practice for the due and orderly administration of the law, care should be taken that justice is not smothered by a too slavish adherence to the mere forms and technicalities of procedure.” (Hodgkins v. Mead, 119 N. Y. 166, 171; see, also, Broome County Farmers’ Fire Relief Assn. v. New York State Elec. & Gas Corp., 239 App. Div. 304, affd. 264 N. Y. 614.) The letters of the plaintiff’s doctor, though not sworn to, satisfied the purposes of rule 2A, and the omission of the oath should not defeat a preference, if otherwise justified. Moreover, it must be noted that rule 151 clearly provides that the court may grant a preference even though the prescribed procedure has not been followed.
Nor is the defendants’ claim, based on the findings of their examining doctor, that the plaintiff’s heart was not damaged as a result of his injury, sufficient for the vacatur of the order, since a preference should not be revoked because of contradictory medical opinion (Blaney v. Sorensen, 8 A D 2d 938).
The motion is accordingly denied.