Clare J. Hoyt, J.
This is a negligence action in which the infant plaintiff, age six at the time of the incident complained of, was attacked by a dog and allegedly sustained grievous personal injuries.
The plaintiffs are now moving for a preference. In support of the motion affidavits have been submitted by the surgeon, psychiatrist and plastic surgeon who have attended the infant since the accident. The court has also been given the summons, verified complaint, copies of the answers and verified bill of particulars.
Recently, Mr. Justice Douohoe granted plaintiffs’ motion to vacate notices of examination before trial of the infant plaintiff with leave to defendants to move for examinations before trial upon showing the materiality and necessity therefor prior to the time the action is to be tried. The defendants School District and Board of Education of the City of New Rochelle have now cross-moved for an order granting the examination before trial of the infant plaintiff. The other defendants join in the granting of the cross motion.
A note of issue has not been filed in the action. With the adoption by the Appellate Division, Second Department, of the Special Rule Regulating the Granting of Preferences in Trial of Actions to Recover Damages for Personal Injuries Resulting in Permanent or Protracted Disability or to Recover Damages for Causing Death (added eff. March 1, 1962), there now exist two types of preferences. The preference afforded by the Special Rule is absolutely conditioned upon the filing of a note of issue. Paragraph 3 of the Special Rules states, however that nothing contained in the Special Rule “ shall be deemed to preclude, limit or restrict any other or different application for a preference under and in accordance with applicable provisions, if any, of the Civil Practice Act or the Rules of Civil Practice ”.
The authority for the granting of a statutory preference is governed by rule 151 of the Rules of Civil Practice which provides that “ preferences shall be obtained by applying therefor to the court or a judge thereof at the opening or during the term for which the cause has been noticed, upon notice served with the copy of the note of issue, unless otherwise prescribed by rule *314 applicable to the particular court. However, upon sufficient cause shown why the prescribed procedure has not been followed, the court or a judge thereof, upon notice, may, nevertheless, grant a preference ’ ’.
Prior to the adoption of the Special Buie by the Appellate Division, which specifically rescinded it, rule 2-A existed in the Westchester County Supreme Court for the granting of a preference in “ an action to recover damages for personal injuries resulting in permanent or protracted disability or to recover damages for death ” (cf. Bailey v. Smith, 27 Misc 2d 168, and Rensler v. Slag Co. of America, 27 Misc 2d 170, for a detailed discussion of the application of the rule). It would appear that rule 2-A was conditioned upon the filing of a note of issue.
Our appellate court has recognized the requirement that a preference should not be granted until an action is properly on the calendar (Moran v. Portchester Iron Works, 11 A D 2d 783).
Accordingly, plaintiffs’ motion for a preference is denied without prejudice to renew the motion upon the filing of a note of issue simultaneously with the application for the preference.
The court also denies without prejudice the cross motion for an examination before trial of the infant plaintiff in view of Mr. Justice Donohoe’s decision granting leave to defendants to move for the examination prior to the time the cause is to be tried. However, since plaintiffs’ attorney has stated in his affidavit in opposition to defendants’ cross motion that if a preference is granted there is no objection to bringing the infant into court and having the court make a preliminary determination as to the advisability, necessity and materiality of examining the infant before trial, it is suggested that all the parties hereto agree to a procedure of examining the infant prior to trial in the event a preference is granted. If such agreement cannot be reached, defendants are given leave to renew their cross motion for an examination before trial.