Leonard Rubenfeld, J.
Defendant moves for a change of venue to New York County as a matter of right pursuant to article 5 of the CPLB on the ground that Westchester is not a proper county for purposes of venue.
Plaintiff is a domestic corporation that designated the County of Queens as the location of the office of the corporation in its certificate of incorporation. Although plaintiff has since relocated its entire office and manufacturing facility to Westchester County, the residence of the corporation, for purposes of venue, is in the county set forth in its certificate of incorporation as its principal place of business (Davis Aircraft Prods. Co. v. Bankers Trust Co., 32 A D 2d 832, 833; Wegorsewski v. Macrose Lbr. & Trim Co., 28 A D 2d 713; General Precision v. Ametek, Inc., 24 A D 2d 757; Boro Kitchen Cabinets v. Spalt, 9 A D 2d 925; CPLR 503, subd. [c]; Business Corporation Law, § 102, subd. [a], par. [10]). Westchester County is, therefore, not a proper county for venue purposes (CPLB 503, subd. [a]).
The defendant, however, is a Delaware corporation which, prior to the commencement of this action, filed a “ Certificate of surrender of authority ”, as a result of which defendant is no longer authorized to do business in this State (Business Corporation Law, § 1310, subd. [c]) and is no longer ‘1 deemed a resident of the county in which its principal office is located ” pursuant to CPLB 503 (subd. [c]). Since a foreign corporation cannot be a resident of this State in the absence of express statutory authority, defendant is not now a resident of any county in the State for purposes of venue (cf. Taller & Cooper v. Band, 286 App. Div. 1096; Shepard & Morse Lbr. Co. v. Burleigh, 27 App. Div. 99, 101; Practice Commentary on CPLR 503 [subd. (c)] by Joseph M. McLaughlin, McKinney’s Cons. Laws of N. Y., Book 7B). New York County therefore, is not a proper county for venue purposes and defendant’s motion to have the case transferred to that county as a matter of right is denied.
Defendant claims that where the plaintiff designates an improper county the case must be sent to any county specified by the defendant as proper whether or not the county specified is proper in fact. The court is unable to agree. CPLR 511 (subd. [b]) provides that the plaintiff may show “ either that the county specified by the defendant is not proper or that the county designated by him is proper ” (emphasis supplied). The only county in which one of the parties has a residence, for venue purposes, is Queens County. The defendant has not indicated any desire to have the case transferred to that *749 county for trial and the court will not do so sua sponte (Phillips v. Tietjen, 108 App. Div. 9; Practice Commentary on CPLR 509 by Joseph M. McLaughlin, McKinney’s Cons. Laws of N. Y., Book 7B. Cf. Cronin v. Manhattan Tr. Co., 124 App. Div. 543).
Submit order on notice.