Bernard Weiss, J.
While I do not favor didactic opinions, there are times when a public caveat to the Bar is desirable. The subversion of the conference and assignment system in this county, by the imposition of a case load emanating from the flagrant contravention of the requisites of proper venue, calls for such a caveat.
In purported conformity with section 22 NYCRR 2900.2, the instant summons sets forth plaintiff’s address as 32-38 48th Street, Long Island City, defendant’s address as 1200 Union Turnpike, New Hyde Park, and the basis of the designated venue as “ place of accident.”
Section 301 of the CCA provides: “ Transitory actions; venue. An action, other than a real property action, shall be brought:
*1063 “ (a) in the county in which one of the parties resides at the commencement thereof; or
“(b) if no party resides in the city of New York, in the county in which one of the parties has regular employment or a place for the regular transaction of business; or
“(c) if no party has such employment or place of business within the city of New York, in the county in which the cause of action arose; or
“ (d) if none of the foregoing are applicable, in any county.”
This action should therefore have been instituted in Queens County. Variants of deviation from proper venue in other actions pending before me include: omission of the basis of venue; absence of plaintiff’s address; omission of the latter and a false statement that the basis of venue is plaintiff’s residence, when it later transpired from the bill of particulars that plaintiff resided in another county; and apparently whatever other ingenious device will suit the convenience of a few of the attorneys practicing in this county, regardless of the necessity for the allocation of cases to the appropriate counties for the expeditious disposition of the business of this court.
In order to intercept these practices at the threshold, Hon. Edward Thompson, Administrative Judge of this court, issued the following directive to the clerks of the counties and the judgment clerks on June 19, 1970:
1 ‘ Be: Venue —■ Long Arm — Process Servers — English-Spanish Forms.
‘ ‘ Many substantial complaints concerning fraud upon consumers, undue harassment of debtors caused by abuse of the venue statutes, abuse of the long-arm statute, and lack of jurisdiction over party defendants (sewer service) have been brought to my attention. This is compounded by the hundreds of thousands of default judgments entered each year many of which are subsequently vacated by the court. Numerous other complaints have been received concerning similar breaches in other commercial actions and torts.

Accordingly, I direct that in all cases:

‘11. All venue statutes shall be complied with at the source. (Article 3-CCA). If a summons reveals that the action is brought in the wrong county, do not accept it for filing. If the attorney or his representative presents the summons in person, explain why filing is being refused. If the summons is received by mail, return the same by mail with a notation explaining why it is being rejected.
“2. If the defendant is not a resident of the City of New York and if service is not made within the City of New York, *1064 then there must be an allegation in the complaint indicating that Section 404 CCA (the long-arm statute) has been complied with. The most common example would be ‘ that the defendant transacted business in New York City ’. Proper allegations under CCA 404 (a), subdivisions 2 and 3, would also be acceptable. Where the long-arm statute is sought to be invoked and is being violated, treat the summons as indicated in item 1 above.
“ 3. Where process servers are licensed, their affidavits of service shall bear their license numbers affixed clearly beneath their signatures.
“4. Effective September 1, 1970 a summons served in a ‘ consumer credit transaction ’ as defined in Section 401 (d) and 2101 (g) CCA must be printed legibly in both Spanish and English. ’ ’
And on February 3, 1971, over six months later, the Appellate Divisions of the First and Second Departments evidently found it necessary to issue the following order amending the NYCRR: “Amend and renumber Section 2900.2-1 of such rules so as to become subparagraph (b) of Section 2900.3 and as so amended and renumbered to read as follows:
“(b) Venue of transitory action laid in wrong county division. The clerk shall not accept a summons for filing when it appears upon its face that the proper venue is a county division other than the one where it is offered for filing. The clerk shall stamp upon the summons the date of such rejection and shall enter the date of such rejection in a register maintained by him, together with the county division in which the summons should be filed. Where the wrong county division is stated in the summons, the time of the defendant to appear to answer is extended until ten days after the summons is filed in the proper county division with proof of service upon the defendant by registered or certified mail of notice stating (a) the proper county division, (b) the date of filing of the summons, (c) the date within which the answer or notice of appearance is to be filed and (d) the address at which it is to be filed.”
The need for this directive and this order constitutes sufficient comment on the cavalier disregard of section 301 of the CCA, re-enacted on September 1, 1963.
Section 306'of the CCA provides in part: “ Change of venue; procedure. The bringing of an action or proceeding in the wrong county shall not be deemed a jurisdictional defect, but the court may of its own motion and must on the motion of a party defendant transfer the action or proceeding to a proper county. ’ ’
*1065 For whatever reason, whether dne to oversight or otherwise, or even for their own convenience, the defendants in this and the other pending actions with similar infirmities which have come to my attention have failed to seek a change of venue. Since I am concerned with the exigencies of the court’s business, as I have indicated, it would seem apropros to interdict the progress of cases improperly in this county in violation of section 301 of the CCA by transferring the same to the proper county.
Accordingly, this action be and the same hereby is transferred to Queens County, and the Clerk of this county is directed to transfer the papers to the Clerk of that county.