Joseph F. Gagliabdi, J.
In this negligence action plaintiffs have applied for a general preference. The complaint reveals that plaintiffs were the driver and passenger of an undescribed motor vehicle, defendant Sanso was the operator of a certain truck owned by defendant Services Truck Renting Corp. bearing a New Jersey registration and that a collision between the vehicles occurred in New York County on August 26, 1970. The summons indicates that plaintiffs reside in Nassau and Dutchess Counties and that defendant Sanso also resides in Nassau County. The summons further indicates that the defendant corporation is located at a nonexistent address in New York State. Upon inquiry by the court it was ascertained that the defendant corporation is in fact licensed under the laws of the State of New Jersey. The.note of issue claims a general preference on the ground that the injuries are permanent and severe.
While a reading of the medical reports and bills of particulars indicates that the claimed injuries are probably not of such nature as to justify the grant of a general preference the court declines to adjudicate the within matter on that ground because *377 the primary issue raised on the face of the papers is one of venue. It has been held that where the court grants a change in venue it is improper for it to pass upon corollary motions (Rosenblatt v. Sait, 34 A D 2d 238). For-reasons to be discussed hereafter, it is inappropriate for this court to pass upon the medical aspect of the case.
In actions for personal injuries and wrongful death litigants in the First and Second Judicial Departments must obtain orders of general preference to insure that their cases will be tried within a reasonable period of time in the Supreme Courts of this State (Haas v. Scholl, 68 Misc 2d 197, 199). General preferences in such cases are granted on a showing that the action seeks to recover damages for personal injuries ‘‘ resulting in permanent or protracted disability” (22 NYCRR 674.1 [2d Dept.]; id. 660.9 [c] [New York and Bronx Counties, Sup. Ct]). In other words, the purpose of the quoted prerequisite “is to advance for trial those cases pending in the Supreme Court in which the likelihood of recovery, if plaintiff is successful, will approximate or exceed the monetary jurisdiction of courts of limited monetary jurisdiction in the county” (Plachte v. Bancroft Inc., 3 A D 2d 437, 441). Additionally, general preferences are granted on other than monetary jurisdictional grounds where, for example, a court of inferior jurisdiction lacks power to enter judgment against a particular defendant or where the plaintiff cannot effect service of process upon a defendant within the territorial limits of the inferior court (Martirano v. Valger, 19 A D 2d 544; cf. Campoli v. Grand Union Co., 58 Misc 2d 7).
Prior to March 1, 1962 when the Appellate Division, Second Department, enacted a special rule regulating the granting of preferences, local court rules provided and case law had held that a general preference would be denied where none of the parties were residents of the county (Fuchs v. Nation Wide Air Transp., 274 App. Div. 808; Williams v. Hollander & Son, 249 App. Div. 784; Burton v. Long Is. R. R., 89 N. Y. S. 2d 583 [McNally, J.]; see Fromm v. Herbert Silk Co., 246 App. Div. 537; cf. Conroy v. Erie R. R. Co., 188 Misc. 59). The general rule applicable was that one of the parties had to be a resident of the county before a preference would issue (Carnes v. Zanghi, 4 Misc 2d 815). After enactment of the CPLR the former special rule, which rescinded local court rules in point, was carried forward without change in substance (7 Carmody-Wait 2d, New York Practice, p. 626 [n. 19]) and is found in subdivision (a) of section 674.1 of the Rules and Regulations of the Appellate Division, Second Department (22 NYCRR 674.1 [a]). The rule *378 provides in pertinent part that a general preference may be granted: “provided (a) That the venue of the action was properly laid in the county in which it is pending, within the requirements of the CPLR ”,
The question thus arises as to whether venue is properly laid in Westchester County, * and, if not, whether a court in any proper county could entertain the case. Prior to resolving these issues it is noteworthy that the defendants have not opposed this application nor have they requested a change of venue. The present statutory scheme pertaining to venue in the Supreme Court precludes the court from changing the place of trial sua sponte (CPLR 510; Powers v. Delaware & Hudson R. R. Corp., 15 A D 2d 620; Hull v. Trainor, 233 App. Div. 350; Phillips v. Tietjen, 108 App. Div. 9; Reliable Displays Corp. v. Maro Inds., 67 Misc 2d 747). Interestingly, the New York City Civil Court is granted statutory power to change venue on its own motion (CCA, § 306); and by court rule its clerk has been instructed not to accept for filing summonses which reveal that the action has been commenced in the wrong county (22 NYCRR 2900.3; Towers v. Long Is. Props., 67 Misc 2d 1062). Were such power conferred upon the Supreme Court, matters such as the one at bar would be resolved with dispatch. In any event the court is of the opinion that it is not powerless to act in a matter where neither the parties nor the cause of action have any nexus with this county (Carbide & Carbon Chem. Co. v. Northwest Exterminating Co., 207 Misc. 548; cf. Matter of Motor Vehicle Acc. Ind. Corp., 224 N. Y. S. 2d 907).
To obtain a general preference the parties must comply with statute and court rules (Spiegler v. School Dist. of City of New Rochelle, 36 Misc 2d 312 ; Bailey v. Smith, 27 Misc 2d 168 [Hopkihs, J.j). The Appellate Divisions are authorized to enact rules regulating preferences in civil actions (Judiciary Law, § 85). We have ascertained that the rule in point (22 NYCRR 674.1 [a]) has a venue requirement and the primary issue herein is whether venue is properly in Westchester County.
In the first instance venue is properly laid in a county where one of the parties resides and, if none of the parties reside in the State, in any county designated by the plaintiff (CPLR 503, subd. [a]). Where the county selected by plaintiff is improper, defendants must serve a written demand, no later than service *379 of their answer, that a different county is proper (CPLR 511, subds. [a], [b]). Failure to make a demand within the time specified by the CPLR constitutes a waiver to the extent that a change of venue may not be obtained as a matter of right; but the motion is then addressed to the discretion of the court (Reichenbach v. Corn Exch. Bank Trust Co., 249 App. Div. 539; 2 Weinstein-Korn-Miller, N. T. Civ. Prac., pars. 510.06, 510.05). Indeed, defendants in futuro may present a motion to change venue predicated upon the other grounds specified in the statute (CPLR 510, subds. 2, 3). Futhermore, even plaintiffs herein may subsequently seek a change in venue although the action was commenced in an improper county (Kenford Co. v. County of Erie, 38 A D 2d 781).
It is clear that Westchester County is an “ improper ” county for the venue of this action within the meaning of the CPLR unless plaintiffs can establish a jurisdictional requirement (other than monetary) for commencement of the action in the Supreme Court of this county. Defendants’ failure to move for a change of venue and the absence of opposition to this application are not grounds for granting the relief sought (Carbide & Carbon Chem. Co. v. Northwest Exterminating Co., 207 Misc. 548; cf. F.H.S. Operating Co. v. National Fire Ins. Co. of Hartford, 286 App. Div. 1026; Bowers v. Aaron Mach. Co., 28 Misc 2d 983). The issue narrows down to one of jurisdiction within the confines of the venue-jurisdiction-preference dichotomy.
It has been held that the venue requirement in the Appellate Division preference rule is not applicable where the action must be commenced in the Supreme Court for jurisdictional purposes (Martirano v. Valger, 19 A D 2d 544; Schott v. Hertz Corp., 19 A D 2d 643; Slater v. Margolin, 13 A D 2d 450; Tates v. Casale, Inc., 89 N. T. S. 2d 583 [McNally, J.] ). This principle is too broadly phrased and is to be limited to situations where the preference is sought in a proper county, i.e. one in which a party resides. Where none of the parties are residents of this State and a foreign cause of action is involved the doctrine of forum non conveniens may be interposed to deny a general preference (Bush v. Hertz Corp., 29 A D 2d 938). On the other hand, where the parties are nonresidents of the State, and the cause of action arose in the State, the county selected by plaintiff for trial is the proper county..
The policy considerations embodied in the codified doctrine of inconvenient forum (CPLR 327) apply to cases like these involving nonresidents of the county where another county is the proper forum (Suriano v. Hosie, 59 Misc 2d 973). In short, where no *380 county in the State qualifies as the proper place of trial, the action may be tried in any county selected by plaintiff but where, as here, one or more of the parties reside in a county in the State the venue preference requirement is singularly applicable and the preference must be sought in the county in which one of the parties resides.
To hold otherwise would render the court helpless when it comes to controlling its own calendar (cf. Cook v. Howard, 208 Misc. 358, 360). However, the Supreme Court has inherent control over calendar preference requirements and in the absence of a statute to the contrary may fashion a rule whereby its control is reaffirmed, not thwarted (Riglander v. Star Co., 98 App. Div. 101, affd. 181 N. Y. 531; see Rab v. Colon, 37 A D 2d 813; Plachte v. Bancroft Inc., 3 A D 2d 437, supra; Cook v. Howard, supra; cf. Cohn v. Borchard Affiliations, 25 N Y 2d 237).
It bears emphasis to mention that it has not been shown that the Civil Court of the City of New York lacks jurisdiction over tins matter (CAA, §§ 202, 204; ,see Continental Grain Co. v. Christie, 259 App. Div. 126; cf. Kulock v. Kiamesha Concord, 28 A D 2d 660; Towers v. Long Is. Props., 67 Misc 2d 1062). Similarly, the papers fail to reveal whether a different inferior court could exercise jurisdiction (Kornstein v. New York Tel. Co., 26 A D 2d 820; cf. Judiciary Law, § 190, subd. 3; § 190-a). Restricting cases in the Supreme Court in this department to those properly brought there is an important factor in calendar administration (Haas v. Scholl, 68 Misc 2d 197, 201). Nevertheless, as noted at the outset, the court does not pass upon the merits .of the within application except insofar as the question of proper venue is adjudicated. In reality, the attorneys in this case, as in numerous others, have caused or acquiesced in the commencement of an action in the Supreme Court of Westchester County which does not belong here for any reason other than to serve the interests of counsel. One effect of such activity is to glut an already congested preferred tort calendar and thereby delay those cases that are properly on the calendar, which ought to be heard prior to a lawsuit between nonresidents of the county involving a cause of action that bears no relation to the county. Accordingly, the application is denied without prejudice to a renewal in the proper forum, be it the Supreme Court of another county or a court of limited jurisdiction, upon the ground that the venue requirement of the rules of the Appellate Division has not been met.
No opposition,

 The note of issue filed by plaintiffs requests a trial without a jury. Assuming that such request is effective within the meaning of our local court rule (22 NYCRR 780.3) to obtain a preference in trial, the parties must still comply with the venue requirement contained in the cited rule (see 22 NYCRR 674.4).