Joseph F. Gagliardi, J.
Petitioner’s motion for a stay of arbitration raises an important procedural question regarding venue on such applications involving the standard uninsured motorist provision.
Petitioner, the Allstate Insurance Company, commenced this special proceeding by order to show cause originally returnable August 30, 1973 and, after adjournment, the matter was submitted on September 19,1973. The order to show cause is dated August 16, 1973 and the affidavit of .service indicates that service was made by ordinary mail on that date. The only respondent that has appeared on this motion is the Hanover Insurance Company. Petitioner has submitted an affidavit in support of the motion and a reply affidavit. These affidavits are sworn to by an attorney associated with the attorney of record. The allegations contained therein are on information and belief and fail to state the source of information. The affidavit submitted in opposition by the Hanover Insurance Company is made by the attorney of record and similarly fails to set forth the source of information. The affidavits contain conclusory allegations, ambiguous statements and confusing suppositions. They are probative of nothing. “ By means of a combination of distillation, inference and assumption, I gather the following factual situation, which I trust is an accurate one ” (Matter of Klein [MVAIC], 48 Misc 2d 82, 83).
Claimants are Howard Winter, the injured person, and Ms father, Mortimer Winter. At the time of the accident which led to the present controversy Howard Winter was 17 years of age. Mortimer Winter is the named insured under an automoMle policy of insurance issued by petitioner. Presumably, the infant claimant is an additional insured under the terms of said policy. On August 20, 1972 the infant claimant was a passenger on a Honda vehicle which has been described as a “motorcycle” both in the complaint filed in the Supreme Court, Nassau County and in the notice of intent to arbitrate, a “ mini-bike ” in the affirmation in opposition to this application, and a 86 minieycle ” in the police report. The classification of the vehicle is important on the question of whether coverage exists under the terms of a homeowner’s insurance policy issued by the Hanover Insur *797 anee Company.[1] On the day in question the motorized vehicle collided with an automobile owned by Grlick Auto Rental, Inc., and operated by Robert Kuhnle. Respondent Markowitz is the owner of the motorized vehicle on which Howard Winter was a passenger and respondent Pullman its operator. Claimants have also been joined here as respondents.
The accident occurred in Sullivan County, New York which is apparently away from Markowitz’s insured premises.[2] On October 6, 1972 claimants instituted an action in the Supreme Court, Nassau County against the owners and operators involved in the accident. The suit is in negligence and prays for damages for personal injuries, loss of services and medical expenses. On December 21, 1972 the Hanover Insurance Company disclaimed liability on the ground that its homeowner’s policy excluded coverage for accidents arising out of the use of recreational motor vehicles away from the insured premises. On or about January 29, 1973 claimants sent a notice of claim to petitioner and on April 14, 1973 forwarded a notice of intention to arbitrate.[3] The latter notice stated that a copy of the demand *798 was being filed with the American Arbitration Association and set fortn the names and address of claimants’ attorneys. Approximately four and one-half months later petitioner brought on the within application.
Petitioner attempts to raise two issues that are conditions precedent to arbitration: that claimants failed to “ sufficiently ” discharge certain policy obligations pertaining to co-operation and notice and have failed to establish that the Markowitz vehicle is uninsured (see generally: 30 N. Y. Jur., Insurance, §§ 1242-1249; 2A Encyclopedia N. Y. Law, Automobiles, §§ 1350-1360; Eager, Arbitration Contract and Proceedings, §§ 41-45,62; 22 Carmody-Wait 2d, New York Practice, § 141:63). As shall be readily perceived, the court cannot reach the merits of this application because of a jurisdictional defect.
The court lacks jurisdiction over the nonappearing respondents. Jurisdiction in a special proceeding, such as at bar, is acquired by service of the order to show cause and supporting papers (CPLR 304). Notice of the application to stay arbitration must be served in the same manner as a summons (CPLR 308), or by registered or certified mail, return receipt requested (CPLR 7503, subd. [c]). The order to show cause directed service by certified mail but the affidavit of service indicates that ordinary mail was used. The defect is jurisdictional (Matter of Graffagnino [MVAIC], 48 Misc 2d 441) and the court cannot proceed in the absence of necessary parties (Matter of Figari v. New York Tel. Co., 32 A D 2d 434).
Since this jurisdictional defect is easily remedied the court deems it incumbent tó discuss the question of proper venue. The Civil Practice Act apparently did not cqntain a venue provision on applications to stay arbitration (cf. Civ. Prac. Act, §§ 1451, 1459). CPLR 7502 (subd. [a]) sets forth a venue requirement upon the first application in court arising out of an arbitrable controversy “ which is not made by motion in a pending action ”. Such an application commences a special proceeding and the venue provision permits the application to be made in the county specified in the agreement, or where a party resides or is doing business, or absent any such nexus, in a court in any county. CPLR 7503 (subd. [a]) provides that where an action is pending applications to compel arbitration must be made by motion in that action. Subdivision (c) of the *799 cited statute prescribes the method and mode of service on application to stay arbitration but is silent on venue.
Research has failed to elicit any reported decisions pertaining to venue in this context. However, it would seem logical that, consistent with the general arbitration venue requirements (CPLR 7502, subd. [a]) and the specific venue provision governing applications to compel arbitration (CPLR 7503, subd. [a]), venue in the first instance must be in the county in which the action is pending as long as the court there has jurisdiction to determine applications to stay arbitration (cf. 1969 Report of N. Y. Law Rev. Comm., p. 301). One learned treatise has so interpreted the statute (22 Carmody-Wait 2d, New York Practice, § 141:80) and it is significant that the Uniform Arbitration Act provides that applications to stay arbitration are to be made initially in pending actions (9 Uniform Laws Annotated 78, § 2, subd. [c]).
The question of proper venue is important where, as is true in this county, applications to stay arbitration under the uninsured motorist provision add to the congested state of the tort calendar (Chiques v. Sanso, 72 Misc 2d 376). It has been said that insurance carriers bring on such motions as a matter of course whether or not they are meritorious (Aetna Ins. Co. v. Logue, 68 Misc 2d 841, 843). Such applications create difficult problems in calendar administration. The Administrative Judge of the Ninth Judicial District has determined that hearings on these applications have been delayed indefinitely because the carrier hires local counsel who have numerous other matters pending on the preferred tort calendar. Indeed, on November 14, 1972 the Administrative Judge directed that all hearings under the uninsured motorist provision be conducted in the tort part. Prior to that directive such hearings had been scheduled in various nontort parts but since the attorneys for the insurers had many preferred matters pending in the tort part the hearings were adjourned indefinitely. The Justice presiding in Trial Term, Part I has control over his entire calendar and the new procedure has alleviated the problem in some small measure. Necessarily, however, other tort cases which should be heard in this county have been delayed due to counsel commitment to try these hearings preliminary to arbitration. Consequently, to insure the speedy expedition of those tort matters properly on the trial calendar it is incumbent upon the court to weed out all matters where venue is not properly located in this county (Chiques v. Sanso, supra).
*800 In the absence of a pending action venue would be proper in Westchester County in this case since petitioner does business in this county (CPLR, 7502, subd. [a]; Matter of Manitt Constr. Corp. [J. S. Plumbing & Heating Corp.], 50 Misc 2d 502 [overruled on other grounds, Sommer v. Quarant Contr., 40 A D 2d 95]). The court concludes, however, that since an issue claimed to be arbitrable is involved in an action in a court having jurisdiction to stay arbitration, venue is improperly located in this county. This court cannot change the place of venue sua sponte (Chiques v. Sanso, supra), but it has the inherent power of control over its own calendar and may 1 ‘ fashion a rule whereby its control is reaffirmed, not thwarted” (Chiques v. Sanso, supra, p. 380). Hereinafter the court shall strike matters such as the instant one from the calendar and deny the application, without prejudice to renewal in the proper county. Accordingly, the application to stay arbitration is denied, without prejudice to renewal in the action pending in Nassau County.[4] Submit order on notice.

. The Hanover Insurance Company disclaimed liability. The disclaimer is predicated upon the holding in Lalomia v. Bankers & Shippers Ins. Co. (35 A D 2d 114, affd. on opn. below 31 N Y 2d 830) where it was held that the insurer under a typical homeowner’s policy is not liable for accidents away from the insured premises involving a motor bicycle owned by its insured. If the disclaimer is valid claimants are relegated to their rights against petitioner under the uninsured indorsement provision which has been construed to cover accidents arising from uninsured motorcycles, motor scooters and motorized bicycles (Matter of Allcity Ins. Co. v. Di Lorenzo, 33 A D 2d 665; Early v. MVAIC, 32 A D 2d 1042; Matter of Askey v. General Acc. Fire & Life Assur. Corp., 30 A D 2d 632, affd. 24 N Y 2d 937). The homeowner’s insurer could be liable under its policy where the injured person sues the owner for negligent entrustment (Lalomia v. Bankers & Shippers Ins. Co., supra; Government Employees Ins. Co. v. Chabalis, 72 Misc 2d 207; Travelers Ins. Co. v. Beschel, 71 Misc 2d 420) but the lawsuit commenced by claimants herein against the tort-feasors does not contain such a cause of action. The classification of the vehicle is important to determine whether it is covered in the homeowner’s policy and whether it is covered by any other automobile insurance the tort-feasors may have had.

. Which premises are involved and insured is not made clear. The question is not unimportant (Geiger v. Insurance Co. of North, Amer., 41 A D 2d 796) and ought to be resolved before a determination on the disclaimer by the Hanover Insurance Company is made.

. The notice of intention to arbitrate did not contain the 10-day preclusion language, provided for in the statute (CPLR 7503, subd. [c]; increased to 20 days effective September 1, 1973 by chapter 1028 of the Laws of 1973). Consequently, the within application is timely (Queens Blvd. Med. Group v. Vistreich, 25 Misc 2d 881; see Matter of Maresca [MVAIC], 29 A D 2d 925; *798 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7503.29) and, absent any contrary directive in the order to show cause, service of the application by ordinary mail on respondents and their attorneys was proper (Matter of Knickerbocker Ins. Co. [Gilbert], 28 N Y 2d 57, 64r-65).

. Claimants, if they really desire arbitration, should petition the court under CPLR 1209 for an order to submit the controversy to arbitration (Matter of Frame v. American Motorist Ins. Co., 31 A D 2d 872; Matter of Klein [MVAIC], 48 Misc 2d 82; Matter of Turner [MVAIC Corp.], 47 Misc 2d 1097; Matter of Coughlin [MVAIC], 45 Misc 2d 672; Matter of Short [MVAIC], 42 Misc 2d 682; Matter of Exch. Mut. Ins. Co. [Sandura], 17 Misc 2d 496, affd. 8 A D 2d 799).